WADSWORTH M. WHITE *v.* MARY E. JONES ET AL.

1. CHANCERY PRACTICE. *Oral testimony. Written agreement.* *Code* 1892, § 1764.

An agreement to take testimony orally in open court, not previously reduced to writing by inadvertence, will, when written, signed and filed *nunc pro nunc* after final decree, be fully operative and sustain a decree based on such evidence, under Code 1892, § 1764, providing for the examination of witnesses orally in the chancery court on agreement of the parties in writing.

2. SAME. *Jury trial. Code* 1892, § 507.

In a trial by jury in chancery, under Code 1892, § 507, providing therefor, the testimony of witnesses *ore tenus* in open court is admissible, without an agreement by the parties.

FROM the chancery court of DeSoto county.

HON. JAMES C. LONGSTREET, Chancellor.

Jones and others, appellees, were complainants in the court below; White, appellant, was defendant there. From a decree in complainant's favor the defendant appealed to the supreme court.

The facts are fully stated in the opinion of the court.

*R. L. Dabney*, for appellant.

All the *nunc pro tunc* agreement shows is, that each side had the right to call on the other to sign an agreement in accordance with the latter clause of Code 1892, § 1764. The appellee did not before the trial avail himslf of this right, and so far as the record proper shows, there was no legal evidence before the court.

Judge Calhoun says, in *Dickerson* v. *Askew,* 82 Miss., 436, s.c., 34 So. Rep., 157, "The rule is universal to try all equity causes on depositions. It is, of course, and must remain, universal to the full extent not changed by statute." He then demonstrates that Code of 1892, § 1764, is restrictive of §§ 1950,

1951 of the Code of 1880, in that it required notice, even in probate matters.

Here we have a bill, answer, request for a jury, tender and joinder of issue, and a final decree for complainants, without a particle of evidence; it is not even recited in the decree how the evidence came before the court, and the only explanation of this unusual procedure is the *nunc pro tunc* agreement which shows that at the time of the trial, and of the final decree, there was no agreement in writing to take oral evidence in court. And it is only by courtesy of appellant's counsel that there is anything in the record except the pleadings and the final decree.

*F. C. Holmes,* for appellees.

It affirmatively appears from said decree that there was proof before the court and the jury, and it further appears from the agreement of counsel in the record that the proof was made orally by witnesses in open court, and with the express consent of appellant. Otherwise, the chancellor would not have proceeded with the trial, as is the natural inference from said agreement and the facts therein recited.

*Dickerson* v. *Askew,* 82 Miss., 436; s.c., 34 So. Rep., 157, is not in point, for that was a case in which notice of the taking of oral proof was served, under the misapprehension that it was of that class of cases referred to in § 1764 of the code of 1892. And oral proof was taken over the objection of the other party.

*Cox* v. *Kyle,* 75 Miss., 667, is not in point, for in that case the record showed that the proof was oral, and failed to show that it was by consent, or that proper notice was given.

*Grego* v. *Grego,* 78 Miss., 443, is in point, and announces the only tenable position that can be taken. In that case the decree recited that the oral proof was taken by agreement, and this court held that such being the case, and there being no bill of exceptions, the recital was conclusive.

In the case at bar it was within the discretion of the chancellor to try the issues of fact, or to submit them to a jury. *Pitt-*

*man* v. *Lamb,* 53 Miss., 594. Upon the petition of appellant said issues were submitted to a jury, and no steps were taken by him to get rid of the verdict against him in the chancery court, consequently the issue will not be reopened here. *Norton* v. *Coley,* 45 Miss., 125.

The procedure in a jury trial in the chancery court is the same as in the circuit court. The law does not contemplate proof to the jury by depositions, § 507, Code 1892. All of the provisions with reference to obtaining bills of exceptions in the circuit court apply to the chancery court, § 555, Code 1892.

CALHOON, J., delivered the opinion of the court.

Certain devisees (appellees here) of certain specified lands under the will of their grandfather, J. C. White, filed their bill in chancery, alleging that his son, the appellant, Walter M. White, procured from him a deed twelve days before his death, conveying to his said son his entire estate, real and personal, on credit, and upon a consideration grossly inadequate, even as recited in the deed. They aver that the execution of this instrument was procured by undue influence, and that J. C. White was of unsound mind when he executed it. Issue was joined on these last two propositions, and tried by a jury, which was impaneled on the motion of appellant himself, and it decided both issues against him and in favor of the appellees, and the decree of the court reciting that, "defendants having elected to have the issues of fact tried by a jury," and reciting the impanelment, "after hearing the evidence" and reciting the verdict, decreed the cancellation of the deed, and that the will was in full force as to the land devised. From this Walter M. White appeals on the naked record, with no bill of exceptions setting out any testimony whatever, and his only point is that the record shows no agreement in writing that oral testimony might be taken, and his sole reliance for reversal is on the case of *Dickerson* v. *Askew,* 82 Miss., 436 ; s. c., 34 So. Rep., 157, decided by this court.

The record does show that the trial was had and the decree

rendered on February 7, 1903, and it sets out an agreement of counsel thereafter made, and of date June 23, 1903, by which it is agreed that before the hearing it had been agreed that the proof should be oral, and that it was so stated at the hearing to the court.    This agreement further states that the prior agreement was agreed to be put in writing and filed, but "by inadvertence and oversight" its formal preparation in writing was omitted.    It then proceeds thus : "Now, therefore, to supply said omission, this agreement is filed this 13th day of June, A. D. 1903," and it is signed by the counsel of the respective parties. This agreement puts of record in writing *nunc pro tunc* the actual precedent agreement, and is enough to satisfy the law. *Grego* v. *Grego,* 78 Miss., 443 ; 28 South., 817.  Besides, *Dickerson* v. *Askew* has no relevancy to cases tried by jury.    Code 1892, §§ 507, 555.

*Affirmed.*