BALDWIN *et al.* v. THOMPSON.

[95 South. 835. No. 22819.]

INFANTS. *Manner of service on father and unmarried minors as co-defendants stated.*

Under section 3929, Code 1906 (Hemingway's Code, section 2936), where unmarried minors are joined as codefendants with their father, mother, or guardian, it is sufficient to serve one copy on each minor personally and one copy on the father. Under this statute it is not necessary that two or more copies of the process be served on the father, namely, one for each minor and one as a defendant.

On suggestion of error. Suggestion overruled. For original opinion, see 95 So. 327.

*R. H. Thompson, J. H. Thompson* and *Fulton Thompson,* for appellants.

The process issued and served. Upon the filing of the original bill of complaint in this case a summons was issued directed to the sheriff of Yazoo county, commanding him to summon Griffin as administrator of the estate of Mrs. Jennie Baldwin Thompson, deceased, O. W. Baldwin, Sallie Baldwin (infant) and Owen Baldwin (infant). The face of the summons as well as the bill of complaint showed the last two mentioned to be minors, whose mother was dead and whose father was O. W. Baldwin. Whether the same O. W. Baldwin made individually a defendant or some other person of the same name was the father of the infant defendants does not affirmatively appear, but the identity of the name will justify an inference that they were the same person. The writ was executed on Sallie Baldwin and Owen Baldwin, infant defendants, and the return of the sheriff was in these words:

"I have this day executed the within writ personally by delivery to each of the within named, S. S. Griffin administrator, Sallie Baldwin and Owen Baldwin a true copy of this writ."

It will be noted from the sheriff's return that the statute, Mississippi Code 1906, section 3929, providing the manner and mode of service of process on infant defendants was not followed, and the summons was not served as therein provided. That section requires that if the de-

fendant be an unmarried infant, the process shall be served on him personally, and upon his father or mother or guardian, if he have any in this state; but if he be married, process may be served on him as on an adult. There is no pretense that either of the infant defendants were married. The statute further provides that if an unmarried infant be joined as a co-defendant with his father or mother or guardian, it shall not be sufficient to summon such infant and his father or such infant and his mother, or such infant and his guardian in one process, but one copy of the process shall be served on the infant personally and a copy served personally on such father, mother or guardian. The service in this case on the infant defendants is condemned as insufficient by the very terms of the statute.

In the case of *Gibson* v. *Currier,* 83 Miss. 234; s. c., 35 So. 315, this court decided that a decree against an infant is absolutely void unless the record shows affirmatively that process for him was served on his father or mother or guardian as part of the service on him, or that he had neither in this state. Service of process on the father, mother or guardian on his own account is not service on the infant, and this court cannot acquire jurisdiction over an infant by personal service, except where it appears that the process was served on his father, mother or guardian, or that the infant has no father, mother or guardian in this state.

In this case it affirmatively appears from the petition that O. W. Baldwin, defendant in the bill of complaint, was the father of the infant defendants, now appellants, Owen Baldwin and Sallie Baldwin. The sheriff's further return, not the one above quoted, shows that the same process was served on O. W. Baldwin as an individual defendant and not as the father of the infant defendants. The return last mentioned is and was in these words:

"I have this day executed the within writ personally by delivering each of the within named O. W. Baldwin, a true copy of the writ."

Unless, therefore, the previous decisions of this court which we have cited shall be overruled, the chancery court of Yazoo county, did not acquire jurisdiction of the persons of the infant defendants, now appellants, and its final decree in this cause, as well as all of its proceedings therein, are utterly void, and the assignment of error based upon the failure to properly bring the infant defendants into court as party defendants to the suit must be sustained and the decree of the chancery court reversed.

*Barbour & Henry,* for appellee.

The alleged error on which the greatest stress is placed by the appellants is that the service on the minors in this case is defective for the reason that only one copy was served on the parent instead of two copies, one as a co-defendant, and one as the father of the minors. The authority cited by them is *Gibson* v. *Currier,* 83 Miss. 234, which holds that in order to make good service on the minor who has a parent as co-defendant, one copy must be served on the parent as co-defendant and one copy shall be served on him as the father of the minors. In this connection, we respectfully call the attention of the court to section 2933 of the Chapter on Process which shows that it shall be served upon the defendant personally, if it be found in the county, by handing him a true copy of the process. The law is complied with, the defendants required to answer, then the copy is served upon him and no further steps are necessary in order to force him to answer. It is true that the sheriff is required to make return of the process, but this is only to prove to the court that it was actually served. The sheriff is not required, in serving the parent of a minor, to say to him: "I serve this copy as the parent of a minor." He is simply required to hand him the copy and the summons, itself, is the instrument to which the party receiving it must look to ascertain the requirements of the court.

About the only thing that our friends on the other side have failed to complain of has been the form of the summons and it clearly shows a recital of the names of the defendants, and of the fact that O. W. Baldwin, Sallie Baldwin, and Owen Baldwin, are defendants, and that Owen Baldwin and Sallie Baldwin are minors "whose mother is dead and whose father is O. W. Baldwin." Therefore, when each of the minors was served and Owen Baldwin, their father, was served with a copy of the writ showing that he was a party, both in his individual capacity and as father of the minors, no more information could possibly have been given to the defendants, in the way of process, than was given by the service of a copy on each of them and a copy on the parent.

It is true that the return states that a copy was served on the "within named O. W. Baldwin," but the summons itself, as stated above, shown to the said O. W. Baldwin shows that it was served on him in both capacities. If the officer serving it had been advised that it was necessary to serve him a separate copy in each capacity, he would simply instead of giving him one copy, have given him two copies and two exact copies would have given him no more information concerning this suit than one copy. The purpose of process is to acquaint the parties on whom it is served with the fact that a suit is pending, so that they can interpose such defense as they may see fit.

Until the case cited of *Gibson* v. *Currier,* which holds that two copies should be served on a parent who is a co-defendant, the decisions had been uniform for many years that if the relationship appeared on the face of the summons, it was necessary to serve only one copy on the co-defendant parent of the minor defendant. Such was the law until the case of *Gibson* v. *Currier,* cited, was decided in 1903, overruling this line of decision. Such was the uniform holding of the court until 1903, when the case of *Gibson* v. *Currier,* cited above, was decided. It was doubtful that *Gibson* v. *Currier,* was ever an overruling authority for the reason that the holding that two copies could

132 Miss.—9

be served on the co-defendant parent was *dictum* and not necessary for the decision of the case. In *Gibson* v. *Currier,* the record shows that there was no return whatever showing service thereof on the parent, and an effort was made to amend the process to show that the minor had a living father and that he was served with a, copy, which amendment was not made and no effort made to have it allowed. In discussing the question, the learned judge proceeded to go further and say that even if it had been allowed, it would not have been sufficient as it would have been necessary to show, specifically, that two copies were served on the parent.

*Gibson* v. *Currier,* is the last utterance of the court on the subject and the *dictum* announced has never been adopted or overruled in any later decisions. The reasoning of the case is unsound, because of the fact that the process itself must show to the party on whom the copy is served that he is the defendant, both in his individual capacity and as the parent of the minor defendant, and two copies could not give him this information any better than one. On the other hand, if the process had failed to show, on its face, that the father was named, in his representative capacity as father of the minor defendant, two copies of the process served on him, followed by a return showing that service was made on him individually and as father of the minor, would not have made the process good.

It is the purpose of the law to have the process, itself, convey to the party served the purpose of the process and not to have him in court by the mere idle ceremony of two copies. The officer's return is merely evidence of the service of process, not part of it.

Whether the said *Gibson* v. *Currier,* was ever an authority, it ceased to be one before 1906, when the legislature adopted the Code of 1906 containing section 3929 holding that one copy should be served on the infant and a copy on the father, thereby returning to the interpretation formerly announced in *McElroy* v. *Alsop,* in 45 Miss.

365, which was overruled by *Gibson* v. *Currier,* the language of the statute being: "If an unmarried infant be joined as co-defendant with his father or mother or guardian, it is not sufficient to summon such infant and his father, or such infant and his mother, or such infant and his guardian in one process, but one copy of the process shall be served on the infant personally, and a copy served on such father or mother, or guardian."

If it had been the intention of the legislature to continue the illogical interpretation placed on the former act of *Gibson* v. *Currier,* they thus would have used the language, instead of "a copy," "two copies served on such father, or mother, or guardian." The legislature in its wisdom saw fit to return to common sense instead of to the mere form promulgated by *Gibson* v. *Currier.*

The service in this case is a literal compliance with the above quoted act, as one copy was served on each of the "infants personally and a copy served on such father." If appellants claim that two copies should have been served on O. W. Baldwin, we ask which would they say was to be served on him as father of the minors, the first or the second. And as only one copy was served how can they tell whether it was on him as an individual or as father of the minors?

SYKES, P. J., delivered the opinion of the court.

The decree of the chancellor in this case was affirmed without written opinion. 95 So. 327. It is strenuously insisted in the suggestion of error that the court erred in so doing. The only serious question presented in the record was whether or not the minors, defendants in the case, were properly served with process. If they were, the chancery court committed no reversible error in the decree.

The three minor defendants were co-defendants with their father, O. W. Baldwin. Each minor was individually served with a copy of the process, and the father was served with a copy. It is insisted by counsel for appellant that

the father should have been served with one copy for himself as an individual defendant, and with three additional copies, one copy for each minor. The authority relied upon by counsel is *Gibson et al.* v. *Currier et al.,* 83 Miss. 234, 35 So. 315, 102 Am. St. Rep. 442. In that case it was held that under section 1530, Code of 1880, a copy shall be served on the minor personally, and in addition thereto one upon his father, mother, or guardian. Section 3929, Code of 1906 (section 2936, Hemingway's Code), reads as follows:

"If the defendant be an unmarried infant, the process shall be served on him personally, and upon his father or mother or guardian, if he have any in this state; but if he be married, process may be served as on an adult. If an unmarried infant be joined as co-defendant with his father or mother or guardian, it shall not be sufficient to summon such infant and his father, or such infant and his mother, or such infant and his guardian, in one process, but one copy of the process shall be served on the infant personally and a copy served personally on such father or mother or guardian."

In this case the minors were unmarried and are co-defendants with their father. Under the latter part of this section it is only necessary that one copy of the process be served on each minor personally and one copy on the father.

The suggestion of error is overruled.

*Overruled.*