## NEVINS v. SEIBER.

No. 12706—Opinion Filed May 19, 1925.

**Judgment—Grounds for Setting Aside Default—Unavoidable Casualty—Failure to Appear at Trial Due to Miscarriage of Notice in Mails.**

In an action to set aside a default judgment on the ground of unavoidable casualty and misfortune, a loss or miscarriage in the mail of a court docket mailed by the clerk, at the instance of the plaintiff in the action, showing the date on which the pending case had been set for trial, constitutes such unavoidable casualty and misfortune as will entitle the plaintiff to have the judgment set aside, where the · plaintiff and his attorney have exercised reasonable diligence to inform themselves of the date on which the case had been set for trial and in making preparations therefor. In such case, plaintiff's failure to appear at the trial is to be imputed to an accident which he could not foresee rather than to negligence on his part.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Hughes County; John L. Coffman, Judge. ·

Petition by Nero Nevins against W. B. Seiber to set aside a default judgment for defendant, and plaintiff appeals. Reversed.

A. T. Lewellen, for plaintiff in error.

Turner & Lucas, for defendant in error.

Opinion by FOSTER, C. The plaintiff in error was plaintiff and the defendant in error was defendant, in the trial court, and they will be designated in this opinion as they were in the trial court.

The defendant obtained a judgment, by default against the plaintiff, in the district court of Hughes county in an action in ejectment. Plaintiff filed his petition on the 22nd day of May, 1920. Thereafter, on June 17, 1920, the defendant filed his answer and cross-petition, in which he asserted title to the real estate involved through a deed by the plaintiff, as grantor, to J. B. Gooch, as grantee, bearing date July 27, 1908, and through subsequent conveyances by which the land was, in 1916, conveyed to the defendant. On December 7, 1920, a default judgment was rendered in favor of the defendant and against the plaintiff, dismissing the plaintiff's action and quieting title to the land in the defendant as prayed for in his cross-petition.

On December 17, 1920, the plaintiff filed his petition to vacate and set aside the judgment so rendered in favor of the defendant, alleging unavoidable casualty and misfortune by which he was prevented from appearing at the trial and prosecuting his action. On February 22, 1921, an amended petition to vacate was filed. On the 11th day of April 1921, the trial court sustained a demurrer interposed by the defendant to the

amended petition of the plaintiff. Exceptions were reserved by the plaintiff to the judgment of the court and he appeals.

The sole issue involved in the case is whether or not the trial court erred in sustaining defendant's demurrer to plaintiff's amended petition to vacate the judgment obtained by the defendant against him on December 7, 1920. There is no question raised as to the sufficiency of the matters relied on by the plaintiff for a defense to the cross-petition of the defendant and incorporated in his petition to vacate. It is insisted, however, that no sufficient allegations of unavoidable casualty and misfortune are set forth to authorize the court to vacate the judgment.

It is disclosed by the petition, in substance, that on November 16, 1920, plaintiff's attorney, who resided in Tulsa, Okla., wrote the court clerk of Hughes county a letter, inquiring whether or not the pending case had been set for trial, and suggesting that he had received no copy of the court docket. The court clerk immediately replied that the regular term of the district court would convene on the first Monday in December, 1920, thereafter, and that a copy of the court docket would be mailed to the plaintiff's attorney in due time; that in compliance with the promise so made by the court clerk, he did, on November 30, 1920, mail to plaintiff's attorney, a copy of the court docket showing that the pending case had been set regularly for trial in the district court of Hughes county on December 7, 1920, but that the copy of the docket so mailed was lost or miscarried in the U. S. mail and for that reason, plaintiff's attorney failed to receive it. Failing to receive the docket, plaintiff's attorney on December 11, 1920, wrote the court clerk another letter inquiring about the pending case, giving the style and number thereof, and again requesting the court clerk to forward the docket to him through the mail. To this letter, the court clerk, on December 13th, replied, stating that the docket had been mailed by him on November 30, 1920, showing that the case had been set for trial on December 7, 1920, and that on that day, the case had been called for trial and judgment rendered for the defendant. It was alleged that on account of the miscarriage or loss of the trial docket in the mail, plaintiff and his attorney had no notice of the time when said cause was set for trial and were not present at the time said default judgment was rendered.

The rule generally adhered to by the authorities is that an application to vacate or modify a judgment is addressed to the sound legal discretion of the court and will not be disturbed on appeal, unless it clearly appears that the court has abused its discretion. Poff v. Lockridge, 22 Okla. 462, 98 Pac. 427. While it is difficult to lay down a general rule respecting the discretion to be exercised by the court in setting aside or in refusing to set aside a default judgment, the discretion should always be so exercised as to promote the ends of justice, and a much stronger showing of abuse of discretion must be made when the judgment has been set aside than where it has been denied. Poff v. Lockridge, supra; quoting with approval, Utah Commercial Bank v. Trumbo, 17 Utah, 198, 53 Pac. 1033; Chicago, R. I. & P. Ry. Co. v. Eastham, 26 Okla. 605, 110 Pac. 887.

Keeping in mind the rules announced in the cases cited and applying them to the admitted facts pleaded by the plaintiff in his amended petition, did the trial court err in sustaining the demurrer? This is not a case where the plaintiff's attorney was relying upon some legal duty of the court clerk to notify him of the setting of plaintiff's action. The case presented here is a case where plaintiff's attorney, relying upon his own efforts, had obtained information for his client of the time when the district court of Hughes county would convene, and had procured and placed in the U. S. mail a copy of the court docket for the term beginning December 1, 1920, showing the date on which the pending case had been set for trial, which docket, owing to its loss or miscarriage in the mail, never reached the plaintiff, with the result that plaintiff was absent from the trial. The docket setting of the case was on December 7, 1920, and the docket was mailed by the clerk on November 30th. If the docket had been received in due course of mail, sufficient time would have remained for the plaintiff and his attorney to have appeared at the trial.

The question then is, Did the plaintiff and his attorney exercise reasonable diligence in relying upon the U. S. mail, and did the miscarriage of the docket or its loss in the mail constitute unavoidable casualty and misfortune, such as would entitle plaintiff to have the judgment vacated? We think this question must be answered in the affirmative. A loss in the mails has several times been held to be an unavoidable misfortune such as would justify the court in setting aside a judgment.

In Poff v. Lockridge and Chicago, R. I.

& P. Ry. C. v. Eastham, supra, the authorities are reviewed at length on this proposition, and a refusal by the trial court to set a judgment aside by reason of a miscarriage of the mail was held error. Our court, in these cases, cites and quotes with approval decisions from the courts of New Jersey, Indiana, Utah, New York, North Carolina and Virginia, in support of the rule announced.

The case of Lindsey v. Goodman, 57 Okla. 408, 157 Pac. 344, cited and relied on by the defendant, is, we think, distinguishable from the case at bar. In that case the defendant's attorney was shown to have been negligent in not foreseeing that an issue of fact would arise upon the pleadings and in not preparing for trial accordingly, and a miscarriage in the mail of a letter written later by them to their client, advising their client of the necessity for a preparation for trial on the merits, was held not to entitle defendant to have the judgment set aside. In the instant case, such negligence is not chargeable to plaintiff's attorney. On the other hand, he appears to have been reasonably diligent in anticipating the trial and in making preparations therefor.

We think, under the circumstances disclosed by the amended petition, that plaintiff's attorney was reasonably diligent and careful, and that plaintiff's failure to appear at the trial should be imputed to an accident which he could not foresee, rather than negligence on his part; that the miscarriage of the court docket in the mail was such unavoidable casualty or misfortune as entitled the plaintiff to have the judgment vacated. The case was disposed of by the trial court upon a demurrer by the defendant to the petition. We think the allegation of plaintiff's petition sufficient as against the general demurrer to entitle him to be heard.

The judgment of the trial court is, therefore, reversed, and the cause remanded with directions to the trial court to set aside its judgment sustaining the demurrer and enter judgment overruling the same.

By the Court: It is so ordered.

: Note.—See under (1) 34 C. J. p. 314; 15 R. C. L. p. 708; 3 R. C. L. Supp. p. 487.