## AMERICAN INVESTMENT CO. v. WADLINGTON et al.

No. 16347—Opinion Filed March 2, 1926.

(Syllabus.)

### Judgment—Vacation After Term—Compliance with Statute.

While great discretion is allowed the trial court in the control of its judgments and orders, and in the exercise of its power to vacate or modify the same at the term at which the same was rendered or made, yet the court is without jurisdiction, at a subsequent term, to take any steps toward vacating or modifying a judgment or order of the court unless there is a substantial compliance with the terms of the statute.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by American Investment Company against B. C. Wadlington and others. Judgment for plaintiff, and from an order vacating and setting aside such judgment, plaintiff brings error. Reversed and remanded, with directions.

McKeown & Green and H. Grady Ross, for plaintiff in error.

B. C. Wadlington and A. W. Wadlington, for defendants in error.

PHELPS, J. On March 13, 1923, plaintiff in error, which was plaintiff below, obtained judgment in the district court of Pontotoc county on a promissory note and foreclosure of a real estate mortgage given by defendants to secure the same. Motion for new trial was filed, overruled, and in due time an order of sale was issued, and on September 27, 1923, after the expiration of the term of court at which the judgment was rendered, and before the sale of the mortgaged real estate, defendants in error, who were defendants below, filed their motion to vacate the judgment so rendered, and on November 26, 1923, filed another instrument which they denominated amended petition to vacate the judgment, and on February 18, 1924, they filed what they denominated their second amended petition. Plaintiff entered its special appearance and challenged the jurisdiction of the court to hear and determine the petition to vacate the judgment for the reason that no summons or notice had been issued and served as required by law. Plaintiff's special appearance was overruled, and the court proceeded to hear the statement of witnesses, and entered its order vacating and setting aside the judgment, to reverse which this appeal is prosecuted.

In its petition in error and briefs plaintiff alleges and argues that the court erred in vacating and setting aside the judgment for the reasons that there was no sufficient allegation in the petition to vacate upon which to predicate such order; that the petition was not verified, as provided by statute, until after hearing had begun on the same; that no defense to the action was set out in the petition; that no competent evidence whatever was introduced in support of the allegations of the petition, and that no summons or other notice was issued and served as provided by statute. An examination of the record convinces us that all of these objections were meritorious, but, since the record before us fails to show that summons was served or general appearance entered, we have no difficulty in reaching the conclusion that the court was without jurisdiction to enter the order vacating and setting aside the judgment, and a proper disposition of this assignment of error will render it unnecessary to dispose of the other questions presented. In such cases section 812, Comp. Stats. 1921, specifically provides that the petition to vacate must be verified by affidavit, and—

"A summons shall issue and be served as in the commencement of an action."

The record discloses that the only notice given in this case was the notice of the clerk that the petition to vacate had been set down for hearing as other pending motions. The law in this state that district courts have no power to vacate or modify their judgments, regular on their face, after the expiration of the term of court at which they were entered, unless there is a substantial compliance with the terms of the statute governing such matter, is so well-settled that a citation of authorities or comment on the reasons supporting the same is unnecessary. Pennsylvania Co. v. Potter, 108 Okla. 49, 233 Pac. 700.

The record in the instant case shows conclusively that the district court was without jurisdiction, power, or authority to render its judgment vacating the former judgment, and the same is therefore reversed with direction to reinstate the original judgment rendered in said cause.

NICHOLSON, C. J., and MASON, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 34 C. J. p. 326 § 547; 15 R. C. L. p. 693; 3 R. C. L. Supp. p. 486.