## AMERICAN INVESTMENT CO. v. WADLINGTON.

No. 19030.    Opinion Filed May 7, 1929.

McKeown & Green, for plaintiff in error.

B. C. Wadlington, for defendant in error.

FOSTER, C. This appeal is from an order of the district court of Pontotoc county vacating a former judgment of said court. The parties appear as they did below.

The plaintiff obtained a judgment in said district court in March, 1923, against Henry Odom and others, foreclosing a mortgage, in which action the defendant, B. C. Wadlington, was a party, and a judgment was taken against him declaring whatever interest he had in the land to be inferior to that of the plaintiff. This judgment was not appealed from, but after execution had been issued thereon, a petition was filed by this defendant, and perhaps others, to vacate said judgment. The district court vacated said judgment upon the petition so filed, and from this the plaintiff appealed, which case was decided by this court and is entitled American Investment Co. v. Wadlington et al., 114 Okla. 124, 244 Pac. 435.

The case reversed the judgment of the district court setting aside the original judgment, on the grounds that no proper service of summons had been had upon the American Investment Company, and the trial court was directed to reinstate the original judgment. The mandate in that appeal also shows that the expense of appeal was $150 for case-made and $25 for filing, making a total of $175. When this mandate reached the district court of Pontotoc county, the plaintiff, on March 29, 1926, secured an order from the district judge spreading said mandate of record, and further ordering that the plaintiff recover from B. C. Wadlington the costs that accrued after Wadlington filed his motion to vacate said judgment, including the costs of appeal, making a total of $200.35.

The proceedings in the case at bar are directed to that part of the judgment of March, 1926, which assessed the costs against B. C. Wadlington. At the hearing on the application to vacate this last judgment, the testimony disclosed that, after the filing of the mandate with the court clerk of Pontotoc county, the judgment sought to be vacated was drawn up by the plaintiff and presented to the then district judge, J. W. Bolen, who signed said judgment, but who appeared as a witness in the instant case, and testified that he never intended to render a personal judgment for the costs against B. C. Wadlington, but only intended to spread the mandate of record. The order was made in the absence of attorneys for the defendant.

If further appeared at the hearing that the plaintiff prepared the judgment, presented it to J. W. Bolen, as district judge, in open court and without any comment as to its provisions. There is very little conflict in the evidence. However, attorneys for plaintiff testified that in the original action to set aside the first judgment, B. C. Wadlington appeared for himself only, and that the petition to vacate was made solely on his behalf. The district judge, however, upon his own motion, introduced in evidence the petition to vacate the judgment of March, 1923, together with a second amended

petition to vacate said judgment, which last instrument was the one on which the district court vacated the 1923 judgment of the court, from which the appeal was taken and decided in the case of American Investment Co. v. Wadlington, supra.

This petition to vacate the 1923 judgment commences with the words, "Comes now the defendants in the above-entitled cause"; and the prayer in this petition states that "Defendant prays the honorable court to set aside and vacate the judgment herein rendered on the 25th day of April, 1923."

From a reading of this petition, it is difficult to determine whether or not the same was brought solely on behalf of B. C. Wadlington. He appears both as defendant and an attorney for the defendants in the case. The second amended petition in that matter commences with the words, "Comes now the defendants, Henry Odom and B. C. Wadlington," etc. In the prayer of the second amended petition, upon which the order of the court to vacate the original judgment was apparently made, B. C. Wadlington prays that the judgment be set aside and held for naught. It is signed by B. C. Wadlington, attorney for defendants. The other allegations in the amended petition to vacate the 1923 judgment are so indefinite that it is impossible for us to determine just what part of the judgment is sought to be vacated.

After hearing the testimony, the court entered an order vacating the judgment of March, 1926, assessing the costs against B. C. Wadlington, and at the same time making findings that it was a technical question as to whether or not the court had authority to so assess said costs, and B. C. Wadlington was not present when said order was made and had not O. K.'d the journal entry of March, 1926, the court, however, making a special finding that no fraud was practiced by the attorney for plaintiff in securing said judgment.

From this order vacating the judgment assessing the costs against Wadlington, the plaintiff prosecutes this appeal.

The plaintiff first contends that the petition to vacate was not verified as provided by section 812, C. O. S. 1921. The application to vacate was not verified. However, the court found that there was no fraud, and we assume he proceeded under the authority granted by section 811, C. O. S. 1921, and considered the application to vacate as a motion.

The application to vacate is somewhat indefinite, and is based principally upon the grounds of fraud. But it also alleges that the judgment assessing the costs is not supported by the pleadings nor the evidence, and is therefore void. This, we believe, is sufficient, especially in the absence of a demurrer thereto or a motion to make more definite and certain, to support the testimony as to irregularities in obtaining a judgment as provided in subdivision 3, section 810, C. O. S. 1921. Under this last section the complaining party may proceed as provided in section 811, supra, and the application may be by motion and need not be verified. The application, we think, if supported by sufficient evidence, would warrant the court in setting aside the judgment attacked in this case.

It is next contended that the summons served upon the plaintiff was not sufficient under section 233, C. O. S. 1921, because it directed the sheriff to notify W. B. Paschall, president of the American Investment Company, and that this was not good service upon the American Investment Company.

As above indicated, we believe the proceedings to vacate the judgment come within the provisions of section 811, and subdivision 3 of 810, supra, and the application to vacate may be considered as a motion. Service of summons is therefore not necessary, and the summons served, we believe, is sufficient as a notice. It follows that the court did not err in overruling the motion to quash.

It is next contended that the judgment of the court of March, 1926, was pursuant to section 804, C. O. S. 1921, and, it being the duty of the court to enter the judgment, the same should not be set aside. This section provides that when a judgment is reversed, the plaintiff in error shall recover his costs, including the cost of the case-made. And pursuant to this statute, this court has adopted a rule in which the plaintiff in error must file an affidavit showing that the costs of the transcript have been paid, and that these requirements were complied with.

The mandate in this case shows that the costs of the appeal were $175, and the trial court found that the entire costs from the time of the filing of the motion to vacate the judgment in the original action, including the transcript, amounted to $206.35, for which judgment was granted against Wadlington. Whether the court has a right on spreading a mandate of record to fur-

ther grant a judgment against the losing party for the costs pursuant to the mandate, is a question we do not here determine. However, if there was no dispute in the facts, we do not see how any injustice would accrue to the losing party by such a judgment, but, as above pointed out, we are not able to say that the record is clear beyond question that B. C. Wadlington was the only one perfecting the appeal in the original case. If there were others who perfected the appeal, then certainly they should pay part of the costs. The record not being clear on this point, we do not think the court erred in setting aside the judgment assessing said costs, especially in view of the fact that the order of March 29, 1926, was made in the absence of, and without notice to, the defendant Wadlington.

It is next contended that the court erred in admitting incompetent evidence. The chief evidence objected to was the journal entry of judgment originally rendered in this case in March, 1923. This was the judgment which was set aside and an appeal taken therefrom, the costs of said appeal being the only issue involved in this case. We do not think the court erred in admitting this in evidence.

The rule generally adhered to in this state is that an application to vacate or modify a judgment is addressed to the sound legal discretion of the trial court, and will not be disturbed on appeal unless it clearly appears that the court abused its discretion. Poff v. Lockridge, 22 Okla. 462, 98 Pac. 427; Nevins v. Seiber, 110 Okla. 126, 236 Pac. 415.

There is nothing in the record to disclose whether the trial court was of the opinion that Wadlington was liable for the entire costs in this case or not. From the court's action, as we view the record, he was giving Wadlington an opportunity to present the question of costs to the court, which he had not theretofore had an opportunity to do. Under the rule as above set out, we believe the court did not abuse its discretion.

The judgment of the trial court is therefore affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.