**BABB et al. v. NATIONAL LIFE ASS'N et al.**

No. 28138.    Jan. 10, 1939.

Rehearing Denied Jan. 31, 1939.

John W. Hayson, Harry F. Blake, and G. A. Fisher, for plaintiffs in error.

Busby, Harrell & Trice and Wimbish & Wimbish, for defendants in error.

C. H. Rosenstein and Theodore Rinehart, amici curiae.

GIBSON, J. This appeal is from an order of the district court of Pontotoc county overruling the motion of plaintiffs in error to vacate a foreclosure judgment.

The foreclosure suit was commenced in said court in June, 1920, by National Life Association, and judgment rendered in September of that year, against G. L. Babb and his minor children, Ocial Babb, Ocie Babb, Addie Babb, Erie Babb, Pauline Babb, Billie Babb, and Richard Babb. These parties filed their motion in the year 1934 charging that said judgment was void on its face for illegal service of summons, and asserting the right on the part of Billie Babb and Richard Babb to resort to extrinsic evidence to avoid the judgment in event the same was valid on its face, for the reason said two parties were not yet past 12 months over the age of 21. Section 431, O. S. 1931, 12 Okla. Stat. Ann. sec. 700; sec. 556, subd. 8, O. S. 1931, 12 Okla. Stat. Ann. sec. 1031.

Summons in the foreclosure suit was duly issued in regular form commanding the sheriff "to notify G. L. Babb, Ocial Babb, Ocie Babb, Addie Babb, Erie Babb, Pauline Babb, Billie Babb, Richard Babb, that they have been sued," etc.; and the officer's return thereon showed service in due time upon "G. L. Babb, Ocial Babb, Ocie Babb, Addie Babb, Erie Babb, Pauline Babb, Billie Babb and Richard Babb on June 8, 1920 by delivering to each of said defendants personally in said county, a true and certified copy of the within summons, with all the endorsements thereon."

At the time of service of the foregoing summons all the above-named minors, except Ocial Babb and Ocie Babb, were under the age of 14 years. Service of summons upon minor defendants is governed by section 182, O. S. 1931, 12 Okla. Stat. Ann. sec. 169, and the statute must be strictly observed. Sealey v. Smith, 81 Okla. 97, 197 P. 490. The statute reads as follows:

"When the defendant is a minor, under

the age of fourteen years, the service must be upon him and upon his guardian or father, or if neither of those can be found, then upon his mother, or the person having the care or control of the infant, or with whom he lives. If neither of these can be found, or if the minor be more than fourteen years of age, service on him alone will be sufficient. The manner of service may be the same as in the case of adults."

Without further discussion, we hold that as to the defendants Ocial Babb and Ocie Babb, the minors admittedly over the age of 14 years at the time of service, this summons and return were regular in every respect and gave the court jurisdiction of said parties, and that as to them the foreclosure judgment is not void on its face. The father, G. L. Babb, makes no personal complaint against said judgment.

There is no statutory requirement that minor defendants be sued as such or that they be so designated in a summons. If the minor is under 14 years of age he is summoned by personal service as in cases of adults and by service upon his guardian or father, etc., in the manner provided for the service of summons in the ordinary case. A strict compliance with these requirements is necessary to proper protection of the minor. It would seem obvious that any precautionary measures observed in the service of process beyond those necessary for the infant's proper protection would be superfluous, and not within the statutory requirements. Here the minors and their father were duly served with summons by delivery of a copy thereof to each of them. Ordinarily, that would constitute a strict compliance with the statute. But it is urged that, since the father was also a defendant, a strict compliance with the statute would require service of a copy upon the father for himself as a defendant and service of a copy upon him for each of the minors, and the officer's return, failing to show such service, was void on its face, thus rendering the judgment void as to the minors upon the face of the record.

The statute does not require service of more than one copy of the summons upon the father in such case, and we are aware of no decision of this court to the contrary. Service must be upon the father. One copy would apprise him of the suit just as effectively as would numerous like copies. All would be in exact language. The father, by due service of one copy, would know that he and his minor children had been sued; he would know the full details as

surely as if a dozen copies had been given him. Any additional copies could serve no possible purpose and the statute does not require such service. Such is the generally accepted rule, 31 C. J. 1153-1155, sec. 322, and we apply it here. A judgment reciting valid service of summons cannot be held void on its face for failure of process unless such recital is positively contradicted by, and in irreconcilable conflict with, the judgment roll. Pettis v. Johnston, 78 Okla. 277, 190 P. 681. This must apply whether the attack upon the judgment is in the same case or in a collateral proceeding. No such contradiction or conflict appears in the instant case.

Movants have cited a number of decisions, some by this court, in support of the contention that the service was invalid under the statute and insufficient to confer jurisdiction on the court. The service in each case was deficient in some respect; either the adult person named for service in the statute was not served with copy or the minor himself was not so served. The case of State v. City of Tulsa, 153 Okla. 262, 5 P.2d 744, cited by movant, does not involve service of process on a minor. Service on the defendant city was there held invalid for the reason the summons did not name the city as a defendant, and did not command the sheriff to notify the city. It is not in point here.

However, the Kansas case of Suter Bros. v. Hebert, 26 P.2d 591, seems in direct conflict with our conclusion above. The judgment there sought to be vacated was one in foreclosure against a father and a number of his minor children. The court held that the service of summons must be had upon each minor and a service of summons on the father for each minor. In the opinion we find language to the effect that service must be had upon the minor and upon the father in his capacity as father. The service was attempted by delivering copies to one of the minors for the father and the other minor defendants. The Kansas statute does not authorize that character of service on the father in such case. There was actually no copy served upon the father for the minors. The service was actually void for this reason and not because the return failed to show service of copy upon the father in his capacity as father. The Kansas statute, though very similar to our own, contains some very material differences. We are unable to agree with the language employed by the Kansas court.

We hold, therefore, that the foreclosure

judgment was not void on the face of the record, and that as to those defendants who were past the age of 14 years at the time of service of summons, or who had reached the age of 22 when the present proceeding was instituted, may not now attack said judgment by evidence outside the record. Proceedings to vacate a judgment valid on its face must be commenced within three years. Jones v. Norris, 176 Okla. 434, 55 P.2d 984, or, if the party be a minor, within 12 months after he reaches the age of 21 years. Sections 431, 556, supra.

The foregoing applies to all the defendants in the foreclosure action except Billie Babb and Richard Babb. As to them, the present proceeding was commenced within the statutory limitation. The proceeding constitutes a direct attack upon the judgment (Crosbie v. Brewer, 68 Okla. 16, 158 P. 388), and the trial court properly permitted them to resort to evidence aliunde to impeach the judgment for want of jurisdiction. Subdivision 3, sec. 556, 563, O. S. 1931, 12 Okla. Stat. Ann. sec. 1031, 1038; George v. Kinard, 84 Okla. 95, 202 P. 503.

Movants say that the evidence showed the judgment void as to Billie Babb and Richard Babb.

Whether under the evidence the trial court should have vacated the judgment as to these two defendants, was a matter within the trial court's own discretion, and its decision will not be disturbed here unless an abuse of that discretion becomes clearly apparent from an inspection of the record. American Investment Co. v. Wadlington, 136 Okla. 246, 277 P. 583. The question, however, is actually one of the sufficiency of the evidence. If there is evidence reasonably supporting the trial court's finding that proper service was obtained, and such judgment is not against the clear weight of the evidence, the same will not be disturbed on appeal. Jones v. Jones, 57 Okla. 442, 154 P. 1136.

In the instant case there was considerable evidence both to affirm and to deny proper service. In the face of such circumstance we must hold that the trial court did not abuse its discretion.

The judgment is affirmed.

WELCH, V. C. J., and OSBORN, HURST, and DANNER, JJ., concur.