[L. A. No. 26240. In Bank. May 29, 1961.]

MARK MILLER et al., Minors, etc., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JOHN GRANICZNY et al., Real Parties in Interest.

50

Cosgrove, Cramer, Diether & Rindge and J. D. Barnum, Jr., for Petitioners.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

No appearance for Real Parties in Interest.

DOOLING, J.—Petitioners, two minors both under the age of 14 years, by their guardian *ad litem* seek a writ of prohibition to restrain the Superior Court of Los Angeles County from proceeding against them in an action in which they are named as defendants, claiming that they were not properly served as such defendants.

In the subject superior court action John and Marion Graniczny appear as plaintiffs and the two minor petitioners and their parents, Arlo and Helen Jean Miller, are all named as defendants. Prior to October 18, 1960, each of the parents Arlo and Helen Jean was served with summons and complaint and on October 18, 1960, they filed their answer in the action in response to such service.

"On Thursday, December 15, 1960" (quoting from the affidavit of the father Arlo Miller,[1] filed in the superior court in support of a motion to quash the service of summons upon the minor defendants) "a man representing himself to be a process server left with me a copy of the Summons and Complaint in the above-entitled action, and indicated that he was serving me as Defendant Arlo Miller. He also: (1) left a copy of the Summons and Complaint with my minor son, Mark Miller, stating that he was serving him as Defendant Mark Miller; (2) left a copy of the Summons and Complaint with my minor son, Lowell Miller, stating he was serving

---

[1] An affidavit reciting the same facts was made by the mother Helen Jean Miller.

him as Defendant Lowell Miller; and (3) left a copy of the Summons and Complaint with my wife, Helen Jean Miller, stating that he was serving her as Defendant Helen Jean Miller, sued herein as Jane Doe Miller.'' The superior court denied the motion to quash upon this showing, and the question presented to us in this proceeding is whether it committed error in doing so.

Section 411, subdivision 3, Code of Civil Procedure, provides: ''The summons must be served by delivering a copy thereof as follows: . . .

''3. If against a minor, under the age of 14 years, residing within this State: To such minor, personally, and also to his father, mother, or guardian. . . .''

Petitioners take the position that because the second service upon the parents was ''as defendants'' and not as ''parents of the minors,'' the service did not comply with the requirements of the quoted section of the code. They rely upon *Akley* v. *Bassett,* 189 Cal. 625, 639 [209 P. 576], and *Bank of America* v. *Carr,* 138 Cal.App.2d 727, 737 [292 P.2d 587]. In Akley the only service upon the minor, who was 12 years old, was by the delivery of a copy of the complaint and summons to her personally, and no copy was delivered to either her father or mother, or to any guardian or to any other person designated by subdivision 3, section 411, Code of Civil Procedure. (189 Cal. at pp. 637-638.) In Akley the failure to comply with the statute was clear and the case is not authority on the facts before us. In *Bank of America* v. *Carr* both Rose Carr and her son Rey, who was under 14 years of age, were named as defendants. Summons was served by delivery of one copy to the mother Rose and one copy to her son Rey. The court held that service was not complete as to the son Rey, saying: ''That Rose was served as defendant is not sufficient.'' (138 Cal.App.2d at p. 737.) The court quoted in support of this holding from 27 American Jurisprudence at page 858: ''A statute requiring process against an infant to be served on his father, mother, or guardian is not complied with by service on a parent in his capacity as defendant only; where the parent is also a party defendant, he must be specially served for the infant in order to bring the latter before the court.'' The court did not note that this quoted passage from American Jurisprudence is supported by only one cited case: *Gibson* v. *Currier,* 83 Miss. 234 [35 So. 315]; nor that in the later case of *Baldwyn* v. *Thompson,*

132 Miss. 125 [95 So. 327], the Mississippi court had refused to follow *Gibson* v. *Currier*, which was cited to it, and had held, under a statute somewhat differently worded from that construed in the earlier case, that when the minor and his father were joined as defendants service upon the minor and one service upon the father were sufficient to give the court jurisdiction over the minor. There is in fact a sharp division of authority on the subject in other jurisdictions (see 43 C.J.S., Infants, § 115, p. 318), the following cases holding that under a statute similar to ours where the minor and parent are joined as defendants service on the minor and one service on the parent are sufficient to constitute service upon the minor : *Babb* v. *National Life Assn.*, 184 Okla. 273 [86 P.2d 771] ; *Cheatham* v. *Whitman*, 86 Ky. 614 [6 S.W. 595] ; *Cain* v. *Hall*, 211 Ky. 817 [278 S.W. 152] ; *Leach* v. *Maxwell*, 171 Ark. 1188 [286 S.W. 1029] ; *McComas* v. *Hull*, 284 Ky. 654 [145 S.W.2d 841] ; *Skidmore* v. *Napier*, 292 Ky. 311 [166 S.W.2d 439] ; *Baldwyn* v. *Thompson*, 132 Miss. 125 [95 So. 835] ; while the following cases hold to the contrary view: *Suter Bros.* v. *Hebert*, 138 Kan. 317 [26 P.2d 591] ; *Helms* v. *Chadbourne*, 45 Wis. 60; *Hodges* v. *Wise*, 16 Ala. 509; *Gibson* v. *Currier*, *supra*, 83 Miss. 234 [35 So. 315].

We need not choose between these two lines of authority nor question the holding in *Bank of America* v. *Carr*, *supra*, 138 Cal.App.2d 727, in order to hold that the service in this case was sufficient to give the court jurisdiction of the minors. In the case before us, unlike any of the cited cases, the father and mother had already been once served in their capacity as defendants, and in response to such service they had already appeared in the action by their answer. The second service upon them according to their own showing was made by the same process server and at the same time that service was made upon their two minor children. The direction of the statute was literally followed "by delivering a copy . . . to such minor, personally, and also to his father, (and) mother." There was no purpose to be accomplished by serving the parents a second time (since they had already been served and had appeared in the action) except to complete the service upon their minor children by complying with section 411, subdivision 3. The requirement of service upon the father or mother (here both were served) is obviously to give the parent notice of the service on the minor so that he may take the proper steps to protect the minor's interest. This notice must be given in the statutory manner,

by delivering personally to the parent a copy of the summons and complaint; but when a copy is delivered to each parent, as here, and the parents know, as the making of the motion to quash the service on their minor children shows that they did, that the second service was made upon them at the same time that service was made upon their minor children, not only has the statutory procedure been literally followed, but its purpose has been fully served. If the parents had been misled by the process server's statements into believing that it was not his intention to complete service upon the minors another question would be presented, but their conduct in this case demonstrates that they were not misled and the trial court was fully justified in refusing to quash the summons under the facts of this case.

The alternative writ is discharged and the peremptory writ is denied.

Gibson, C. J., Traynor, J., Peters, J., and White, J., concurred.

McCOMB, J.—I dissent. In my view, the holding in the majority opinion is contrary to a previous decision of this court in *Akley* v. *Bassett*, 189 Cal. 625, 639 [5] [209 P. 576], and of the District Court of Appeal in *Bank of America* v. *Carr*, 138 Cal.App.2d 727, 737 [10], [11] [292 P.2d 587]. If in truth the service required by law has been made, a return showing such service should be filed. I believe that this court should follow the doctrine of *stare decisis*. (See a splendid article on this subject by Mr. Presiding Justice Herbert C. Kaufman, *A Defense of Stare Decisis* (1959), 10 Hastings L.J. 283.)

Schauer, J., concurred.