State ex rel. Mays v. Breckenridge, Superior Judge.

The errors assigned cannot be considered upon a transcript of the record, for the reason that the certificate of the clerk is insufficient in that it does not show that the transcript attached to the petition in error "is a full, true, and correct transcript of the record." *Rall Grain Co. v. First State Bank of McQueen*, 39 Okla. 786, 136 Pac. 744.

It follows, therefore, that the motion to dismiss must be sustained; and it is so ordered.

All the Justices concur.

---

STATE *ex rel.* MAYS v. BRECKENRIDGE, *Superior Judge.*

No. 6026.   Opinion Filed March 17, 1914.

Rehearing Denied November 10, 1914.

(142 Pac. 407.)

1.   **PROHIBITION—When Writ Granted.** Prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available.

2.   **SAME—When Writ Allowed—Jurisdiction of Court Below.** It is a rule generally observed by the courts that an application for writ of prohibition, restraining an inferior court from proceeding in a cause, will not be entertained, unless a plea to the jurisdiction has been filed and overruled in the lower court, or, at any rate, until lack of jurisdiction of the cause is called to the attention of the lower court in some manner.

(Syllabus by the Court.)

Application by the State, on the relation of Bertha E. Mays, for writ of prohibition to M. A. Breckenridge, Judge of the Superior Court of Tulsa County.   Writ denied.

*King & McCain,* for relatrix.

*Luther James,* for respondent.

HAYES, C. J.   This is an original proceeding in this court for a writ of prohibition.   The facts out of which the proceeding grows are substantially as follows:   On the 29th day of March, 1907, the relatrix was married to one Col. E. Mays, in Tulsa

county, Okla. As a result of said marriage, there were born two children, a boy and a girl, both of whom are still living. On the 10th day of February, 1912, relatrix and her husband having separated, they entered into an agreement by which they agreed upon division of their property and that relatrix should have the custody of said children, with the privilege to the father to see them at any time. Thereafter a proceeding for divorce was instituted by the husband of relatrix in the superior court of Tulsa county; and on the 21st day of February, after relatrix, as defendant in that proceeding, had entered her appearance, a decree of divorce was granted to her husband, Col. E. Mays, plaintiff in that proceeding; but said decree was silent as to the custody, maintenance, support, and education of their children. After notice to relatrix on the 12th day of December, 1913, her husband filed in the divorce proceeding his motion to have the decree of divorce theretofore granted to him modified, so as to give to him custody of the children. Relatrix appeared in answer to this motion and filed her petition in said cause to have the decree of divorce vacated and set aside. The court, upon hearing the motion of the father of the children, sustained same and awarded the custody of said children to him. No action appears to have been taken upon relatrix's petition to vacate and set aside the decree of the court granting the divorce; but she brings this proceeding, seeking to prohibit and restrain the superior court of Tulsa county and the judge thereof from proceeding to enforce the modified judgment rendered by said court, awarding custody of the children to relatrix's former husband.

It appears that the only contention made in the brief of counsel for relatrix is that the original petition in the divorce proceeding does not state a cause of action, and therefore the trial court was without jurisdiction in acting upon said motion to award the children to their father. It is unnecessary to consider the original petition in the divorce proceeding to ascertain whether the same states a cause of action, for there are considerations which require the denial of the writ of prohibition which relatrix seeks, whatever may be our decision upon that question. The statute of this state not only authorizes the court in a divorce

proceeding to make provision for the custody and support of the minor children of the marriage, but makes it the duty of the court to make such provision. The provision of the statute relative thereto may be found in section 4968, Rev. Laws 1910, which reads as follows:

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

This statute was construed in *Kendall v. Kendall*, 5 Kan. App. 688, 48 Pac. 940, as granting to the court a continuing jurisdiction over the guardianship, custody, and support of minor children in divorce cases. This construction we think inevitable from the plain terms of the statute; and the fact that a court neglects to make an order at the time of granting the decree of divorce cannot—in our opinion does not—operate to oust the court of jurisdiction to make such an order subsequently, when his attention is called thereto. It is illogical to assume that the court may, by omission to perform a duty, oust itself of jurisdiction to perform such duty when called upon to do so. There is no contention that the trial court has not jurisdiction of proceedings for divorce; nor is there any contention that it did not have jurisdiction of the person of relatrix, both at the time the decree for divorce was rendered and at the time of hearing the motion for an order disposing of the custody of the children. Whether the facts before the court set up in the motion and the original petition are such as to constitute a cause of action and entitled the plaintiff in that proceeding to an order of the court on the motion awarding him the custody of the children were matters within the jurisdiction of that court to consider and determine; and, if the court erred in respect thereto, relatrix has a speedy and adequate remedy by an appeal from the order of the court complained of. Section 5236, Comp. Laws 1910.

It is a well-settled rule of law, often recognized by this court, that prohibition is an extraordinary writ, and cannot be resorted to when the ordinary usual remedies provided by law are avail-

able. *Herndon v. Hammond*, 28 Okla. 616, 115 Pac. 775; *Pioneer Telephone & Telegraph Co. v. City of Bartlesville*, 27 Okla. 214, 111 Pac. 207; *Leedy v. Brown*, 27 Okla. 489, 113 Pac. 177; *State ex rel. Attorney General v. Huston*, 27 Okla. 606, 113 Pac. 190, 34 L. R. A. (N. S.) 380; *Morrison v. Brown*, 26 Okla. 201, 109 Pac. 237. Even if the trial court had been without jurisdiction of the cause, there is another reason why the writ should not issue at this time. No objection to the trial court's jurisdiction was made by relatrix, either in the original proceeding for divorce or upon the motion for an order disposing of the custody of the children. On the other hand, in the latter proceeding, she was present and participated therein.

It is a rule, generally observed by the courts, that an application for a writ of prohibition will not be entertained, unless a plea to the jurisdiction has been first filed and overruled in the lower court; at any rate, until lack of jurisdiction of the cause is called to the attention of the lower court in some form. 16 Encyc. of Pl. & Pr. 1128; 32 Cyc. 624.

The writ will therefore be denied, and relatrix's petition therefor dismissed.

TURNER, KANE, and LOOFBOURROW, JJ., concur.