**TAYLOR v. FREEMAN.**

No. 10249.   Opinion Filed Oct. 21, 1919.

(Syllabus by the Court.)

**Prohibition—Adequate Remedy at Law.**

Where an inferior court has jurisdiction of the subject-matter and the parties to an action, and an appeal will lie to the Supreme Court from the order of said inferior court, prohibition will not issue, though the trial court may make an erroneous application of the law in the determination of the issues therein.

Original petition for writ of prohibition by Joe T. Taylor against W. F. Freeman, judge of the Eighth judicial district, state of Oklahoma, sitting in Carter county. Denied.

Champion & George and Moore & West, for plaintiff.

OWEN, C. J.  Taylor filed an original petition in this court, praying writ of prohibition against Honorable W. F. Freeman, judge of the district court of Carter county, to prohibit such judge from granting or considering a motion for an order directing the county clerk and secretary of the county election board to produce the records in their possession of an election held in certain precincts in Carter county, together with the ballot boxes and poll books of such election to be examined in open court, in an election

contest pending in such court, and to which contest Taylor was a party.

The principal reasons urged for this writ of prohibition are: That the petition in the election contest failed to state a cause of action against Taylor; and that the district court was without jurisdiction to grant the relief sought to be obtained by the motion.

It appearing the court had jurisdiction to try the election contest, and jurisdiction of the parties, the writ of prohibition must be denied under authority of Harrah v. Oldfield, 68 Oklahoma. 171 Pac. 333, where it was said:

"Where an inferior court has jurisdiction of the subject-matter and the parties to an action, and an appeal will lie to the Supreme Court from an order of said inferior court, prohibition will not issue, though the trial court may make an erroneous application of the law in the determination of the issues therein."

The writ of prohibition is denied.

PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.