## AMERICAN INV. CO. v. WADLINGTON et al.

No. 17579—Opinion Filed Nov. 16, 1926.

(Syllabus.)

1. Appeal and Error—Appeal as Suspending Jurisdiction of Trial Court.

When the Supreme Court acquires jurisdiction of a cause by appeal, the jurisdiction of the trial court is suspended, and remains suspended, until the mandate from the Supreme Court has regularly reached it and is spread upon its records.

2. Prohibition—Right to Writ When Remedy by Appeal Inadequate.

Where a litigant has a complete and adequate remedy by appeal, writ of prohibition will not be sustituted therefor, but where a court is acting without jnurisdiction, or is attempting to make an unauthorized application of judicial force, such litigant is not compelled to submit himself to the jurisdiction of such court and be compelled to expend effort, time, and consequent cost of litigation by appeal, but upon proper application the writ of prohibition will arrest the action of such court.

Original action by the American Investment Company against B. C. Wadlington and J. W. Bolen. as Judge of the District Court of the Seventh Judicial District. for writ of prohibition. Writ granted.

II. Grady Ross and McKeown & Green, for plaintiff.

B. C. Wadlington and J. W. Bolen, for defendants.

PHELPS, J. This is an original action filed in this court, wherein the plaintiff prays for a writ of prohibition; the facts out of which it grew being substantially as follows:

The American Investment Company, plaintiff here, was plaintiff in an action filed in the district court of Pontotoc county, in which it obtained judgment of foreclosure of its real estate mortgage against certain lands located in Pontotoc county. and as B. C. Wadlington, one of the defendants here. claimed an interest in the lands covered by the mortgage foreclosed, he was made a party to the action. After the judgment was rendered, the defendants in that cause filed their petition to vacate such judgment, and the court rendered its judgment vacating the judgment of foreclosure, from which judgment and order so vacating. plaintiff appealed to this court, the cause being docketed here as No. 16347, and resulted in a reversal of the judgment of the district court and remanding the cause with instructions to reinstate the original judgment of foreclosure. American Investment Company v. B. C. Wadlington et al., 114 Okla. 124, 244 Pac. 435.

Before the mandate of this court was issued and spread of record in the district court of Pontotoc county, Wadlington, as one of the defendants, who also appeared as attorney for the defendants, filed a second motion to set aside and vacate the original judgment that had been ordered restored to its former status by this court.

After the mandate of the Supreme Court had been spread of record in the district court of Pontotoc county, and the second motion or petition to vacate the original judgment not having been disposed of. an order of sale was issued and the real estate covered by the mortgage lien was sold as provided by law and was bid in by the American Investment Company to satisfy the judgment on the mortgage. This sale was duly confirmed and the sheriff executed a deed, which was properly recorded in the office of the county clerk of Pontotoc county, and plaintiff in this action alleges that

Wadlington is urging the Honorable J. W. Bolen, district judge of Pontotoc county, to hear and dispose of the second motion or petition to vacate the original judgment, and that the Honorable J. W. Bolen, district judge, is about to do so, and plaintiff prays that a writ of prohibition issue commanding said B. C. Wadlington and J. W. Bolen to refrain from further proceeding in any manner with reference to the motion of said Wadlington to vacate the judgment originally rendered in said cause.

An order to show cause was, by this court, granted, and a response filed by B. C. Wadlington and J. W. Bolen. merely stating that this cause should be dismissed because the petition for the writ shows upon its face that the petitioner has an adequate and complete remedy by appeal.

The petition to vacate the judgment was filed in the district court of Pontotoc county on March 22, 1926, and on March 29, 1926, seven days subsequent to the filing of the motion to vacate the judgment, the mandate of this court was spread of record and at the same time judgment was entered by the district court of Pontotoc county as follows:

"And it is further ordered, adjudged and decreed by the court, that the judgment of this court made and entered on the 8th day of October, 1924. vacating the final judgment of this court made and entered on the 13th day of March, 1923. be and the same is hereby vacated, set aside. and held for naught, and the judgment entered by this court on the 13th day of March, 1923, in favor of plaintiff and against defendants, foreclosing its mortgage, be and the same is hereby restored to its original status as ordered by the Supreme Court and that said cause proceed accordingly. And it is further ordered, adjudged and decreed by the court, that plaintiff, American Investment Company, a corporation, upon application to the clerk of this court, said clerk issue an order of sale herein directed to the sheriff of this county, commanding him to advertise and sell the property described in this action, as ordered by this court on March 13, 1923, and that defendants in this cause be and they are hereby enjoined from further interfering with plaintiff, under and by virtue of said original judgment of foreclosure and order of sale of said property."

In obedience to this judgment, on March 31. 1926, order of sale was issued and the land was sold thereunder on May 5, 1926, and on May 10, 1926, the court made its order confirming such sale, during all of which proceedings the motion to vacate the judgment was pending and apparently no effort was made by Wadlington to have the same disposed of and it is the contention of plaintiff here that when the petition to vacate was filed the district court had no jurisdiction of the cause, citing in support of this contention, Board of County Commissioners of Rogers County v. Baxter, 113 Okla. 280, 241 Pac. 752, in the second paragraph of the syllabus of which this court said:

"When the Supreme Court acquires jurisdiction of a cause by appeal, the jurisdiction of the trial court is suspended, and remains suspended until the mandate from the Supreme Court has regularly reached it and is spread upon its records. * * *"

Defendants in their response allege that this case should be dismissed because the petition shows upon its face that the plaintiff has an adequate and complete remedy by appeal, citing Morrison v. Brown, 26 Okla. 201, 109 Pac. 237; Hirsh v. Twyford, 40 Okla. 220, 139 Pac. 313; State ex rel. Mays v. Breckenridge, 43 Okla. 711, 142 Pac. 407, and Taylor v. Freeman, 76 Okla. 211, 184 Pac. 761, holding that:

"Prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available."

There is no question but this rule is the well settled law of this state, but the law is just as well settled that, where the court has no jurisdiction, or is attempting to make an unauthorized application of judicial force, a litigant is not compelled to go to the trouble, annoyance. and expense of appealing, but may avail himself of the remedy of prohibition.

In Tucker v. District Court, 108 Okla. 198, 235 Pac. 610, this court, speaking through Mr. Justice Lester, used the following language:

"We cannot agree with the proposition that where the court is acting without jurisdiction, a party must submit himself to such court and be compelled to expend effort, time, and the consequent cost of litigation, and if the findings of the court should be adverse. then be put to the inconvenience of an appeal. We think that, where a proper showing has been made that the court is proceeding in a cause without jurisdiction, the writ of prohibition is a proper remedy to arrest the action of such court."

Substantially the same rule is laid down in Martin v. O'Reilly, 81 Okla. 261, 200 Pac. 687, and Yarhola v. Duling, 86 Okla. 171, 207 Pac. 293.

Under the rule laid down in Board of County Commissioners v. Baxter. supra, clearly the district court of Pontotoc county had no jurisdiction of the cause at the time the petition to vacate was filed and the whole

record discloses a state of facts amounting to a most flagrant lack of jurisdiction and unauthorized application of judicial force.

Let the writ issue.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 1252, §1366; 4 C. J. p. 1211, §3261.   (2) 32 Cyc. pp. 614, 617; anno. L. R. A. 1917F, 905; 22 R. C. L. p. 9, 3 R. C. L. Supp. p. 1229; 4 R. C. L. Supp. p. 1450; 5 R. C. L. Supp. p. 1190.