## BAKER v. CAPSHAW et al.

No. 17753.   Opinion Filed March 13, 1928.

(Syllabus.)

**Prohibition—Writ Denied Where Adequate Remedy by Appeal from Corporation Commission.**

Where a party invokes the jurisdiction of the Corporation Commission and his prayer is denied in a proceeding where he has a complete and adequate remedy by appeal, writ of prohibition will not be substituted therefor.

Original action by W. U. Baker, sole trader, doing business under name of the Baker Gin & Milling Company, for writ of prohibition against Fred Capshaw et al., constituting the Corporation Commission. Denied.

Rummons & Hughes, for plaintiff.

E. S. Ratliff and J. D. Holland, for defendants.

PHELPS, J. Plaintiff, W. U. Baker, a sole trader doing business under the name and style of Baker Gin & Milling Company, was the owner and operator of a five-stand cotton gin located at Hobart, Kiowa county, Okla. Desiring to increase the capacity of his gin by adding four additional gin stands, he made application to the Corporation Commission for permission, or license, so to do, as provided by sections 3713, 3714, and 3715, C. O. S. 1921, as amended by chapter 191, Session Laws 1923, and as further amended by chapter 109, Session Laws 1925.

Such application for license was set down and regularly heard by the Corporation Commission, which, on the 10th day of August, 1926, made its findings of fact and rendered its opinion denying plaintiff's prayer and refusing to grant the license. In refusing to grant the license prayed for the Corporation Commission found that there were five gins located at Hobart; that none of them operated at full capacity during the last season; that the acreage of cotton in that vicinity had been decreased and that no necessity existed for increasing the capacity of plaintiff's gin plant.

Plaintiff did not prosecute his appeal from the finding and order of the Corporation Commission denying such license, as was his right under section 3716, C. O. S. 1921, but on September 7, 1926, filed his original petition in this court praying for a writ of prohibition prohibiting the Corporation Commission from further proceeding under its order denying the license prayed for.

Plaintiff, himself, invoked the jurisdiction of the Corporation Commission when he made application for license, and it is contended that since section 3716, supra, gave him a complete and adequate remedy by appeal, his application for writ of prohibition should be denied. This court has repeatedly held that prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available. Morrison v. Brown, 26 Okla. 201, 109 Pac. 237; Hirsh v. Twyford, 40 Okla. 220, 139 Pac. 313; State ex rel. Mays v. Breckenridge, 43 Okla. 711, 142 Pac. 407; Taylor v. Freeman, 76 Okla. 211, 184 Pac. 761.

The recent expressions of this court, however, have indicated a slight relaxation from the hard and fast rule laid down in the above-cited authorities. In Tucker v. District Court, 108 Okla. 198, 235 Pac. 610. and American Investment Co. v. Wadlington, 114 Okla. 124, 244 Pac. 435, we held that where the court is acting without jurisdiction, a litigant is not compelled to submit himself to such court and be compelled to expend effort, time, and consequent cost of litigation, and if the finding of the court should be adverse to him, then be put to the inconvenience of an appeal, but that he might apply for and obtain a writ of prohibition. We desire, however, to make it clear to bench, bar, and litigants that it has never been the intention of this court to extend this rule far enough to allow, in any sense of the term, the writ of prohibition to take the place of or be substituted for appeal. Such writ will be granted only where it clearly appears that the inferior court is without jurisdiction or is attempting to make an unauthorized application of judicial force, and, in the interest of clarity, we here reannounce the rule laid down in the second paragraph of the syllabus in State ex rel. Mays v. Breckenridge, supra, wherein this court said:

"It is a rule generally observed by the courts that an application for writ of prohibition, restraining an inferior court from proceeding in a cause, will not be entertained, unless a plea to the jurisdiction has been filed and overruled in the lower court, or, at any rate. until lack of jurisdiction of the cause is called to the attention of the lower court in some manner."

In the instant case, after plaintiff had invoked the jurisdiction of the lower court and its ruling was adverse to him, he sat idly by and took no steps to avail himself of the remedy provided by law, to wit, an appeal. Besides, it is clear in the instant case that the Corporation Commission had jurisdiction of the subject-matter and jurisdiction of the parties whether it had jurisdiction to make the order it made or not, providing, of course, that the statutes placing the operation of cotton gins under the jurisdiction of the Corporation Commission is constitutional, which question is not here raised, and we, therefore, here express no opinion thereon. If plaintiff was not satisfied with the order of the Corporation Commission, his remedy clearly was by appeal.

The writ is, therefore, denied.

BRANSON. C. J., MASON, V. C. J., and HUNT and HEFNER, JJ., concur.