## JONES v. PUGH, District Judge, et al.

No. 19149.    Opinion Filed May 8, 1928.

(Syllabus.)

1. Courts—Prohibition—Original Jurisdiction of Supreme Court—Superintending Control Over Inferior Courts.

Under section 2, article 7, of the Constitution, the original jurisdiction of the Supreme Court extends to a general superintending control over all inferior courts, and it has power to issue writs of prohibition, and this court has repeatedly held that prohibition is the proper remedy where an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force in a cause otherwise properly cognizable by it.

2. Prohibition—Writ not One of Right but Discretionary.

Prohibition is not a writ of right, but one

of sound discretion to be granted or withheld according to the nature and circumstances of each particular case.

### 3. Same—Writ not Granted to Prohibit District Court from Passing on Validity of Statute, Where Adequate Remedy by Appeal.

Where the district court has jurisdiction of the parties and of the subject-matter of a pending cause, this court will not, by a writ of prohibition, deprive it of the right to pass upon the validity of an act of the Legislature involved therein, where the unsuccessful party would have an adequate and complete remedy by appeal.

Original action by Frank M. Jones for writ of prohibition against M. W. Pugh, District Judge of the Fifteenth Judicial District, and Gilmer Meriwether. Writ denied.

J. E. Whitehead and B. C. Logsdon, for relator.

Sullivan & Rice and Twyford & Smith, for respondents.

MASON, V. C. J. The relator, Frank M. Jones, filed an original petition in this court praying for a writ of prohibition against M. W. Pugh, judge of the fifteenth judicial district, and Gilmer Meriwether, to prohibit said judge from proceeding further in a cause pending in said court wherein Gilmer Meriwether was plaintiff and Frank M. Jones and others were defendants.

The plaintiff, in that cause, alleged that he was the owner, by assignment from the county treasurer of Stephens county, Okla., of certain tax certificates covering lands of the defendant and that he was entitled to foreclose the same through foreclosure proceedings in said district court, under the authority of an act of the Legislature passed in 1925, and approved by the Governor on March 31, 1925, and commonly known as the 1925 Tax Foreclosure Act.

The principal reason urged for this writ of prohibition is that said act of the Legislature is unconstitutional and void, and, therefore, said district court is without jurisdiction to grant the relief sought to be obtained.

Under section 2, art. 7, of the Constitution, the original jurisdiction of the Supreme Court extends to a general superintending control over all inferior courts, and it has power to issue writs of prohibition, and this court has repeatedly held that prohibition is the proper remedy when an inferior tribunal assumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force in a cause otherwise properly cognizable by it.

Counsel cite, and we are not unmindful of the cases which hold that the writ will not be withheld because other concurrent remedies exist, if it does not appear that such remedies are equally advantageous and convenient. A., T. & S. F. Ry. Co. v. Love, 29 Okla. 738, 119 Pac. 207; Oklahoma City et al. v. Corporation Commission, 80 Okla. 194, 195 Pac. 498; Tucker v. District Court, 108 Okla. 198, 235 Pac. 610; American Investment Company v. Wadlington, 122 Okla. 56, 250 Pac. 802.

But this court has also held that prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available. Morrison v. Brown, 26 Okla. 201, 109 Pac. 237; Hirsh v. Twyford, 40 Okla. 220, 139 Pac. 313; State ex rel. Mays v. Breckenridge, 43 Okla. 711, 142 Pac. 407; Taylor v. Freeman, 76 Okla. 211, 184 Pac. 761.

The apparent conflict in these decisions is due largely to the fact that prohibition is not a writ of right, but one of sound discretion to be granted or withheld by the court exercising supervisory control, according to the nature and circumstances of each particular case. Hall v. Barrett, 121 Okla. 122, 247 Pac. 972.

It, therefore, appears that the real question determinative of the right to a writ of prohibition is, Does the inferior court have jurisdiction to do what the relator claims the court is about to do? If it does, then prohibition will not lie. If it does not, prohibition ordinarily will lie, if there is no other adequate remedy. In this case, it must be conceded that the trial court has the right to pass upon the constitutionality of the act relied upon in support of plaintiff's petition. This is as much a prerogative of the trial court as is its right to pass upon any question of law or fact in the case. The mere fact that a defendant claims that a law relied upon by the plaintiff is unconstitutional and void does not deprive the trial court of jurisdiction to pass upon such question in conjunction with the other issues presented, where the unsuccessful party, if he so desires, would have adequate remedy by appeal.

In American Investment Co. v. Wadlington, supra, we held that where the court is acting without jurisdiction, a litigant is not compelled to submit himself to such court and be compelled to expend effort, time, and consequent costs of litigation and if the finding of the court should be adverse to him,

then be put to the inconvenience of an appeal, but that he might apply for and obtain a writ of prohibition.

In the case of Baker v. Capshaw, 130 Okla. 86, 265 Pac. 115, opinion filed March 13, 1928, while discussing the foregoing case, we stated that it has never been the intention of this court to extend this rule far enough to allow, in any sense of the term, the writ of prohibition to take the place of or be substituted for an appeal. If the act under consideration had previously been held unconstitutional by the Supreme Court, then, under the rule announced in American Investment Co. v. Wadlington, we would be justified, and probably would issue a writ of prohibition.

In the instant case, the validity of the act under consideration has never been determined by this court, and the district court had jurisdiction of the parties and of the subject-matter, and this court will not deprive it of the right to pass upon the validity of said act by a writ of prohibition where the unsuccessful party has an adequate and complete remedy by appeal.

The writ is, therefore, denied.

BRANSON, C. J., and HARRISON, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 15 C. J. p. 1108, §540; 32 Cyc. p. 604. (2) 32 Cyc. p. 600. (3) 32 Cyc. p. 614. See under (1, 2) anno. 35 A. L. R. 1090; 22 R. C. L. p. 6; 3 R. C. L. Supp. p. 1229; 4 R. C. L. Supp. p. 1450; 6 R. C. L. Supp. p. 1310.