## HOSKINS et al. v. HAYS et al.

No. 19644. Opinion Filed Dec. 4, 1928.

Rehearing Denied March 12, 1929.

A. D. Cochran, E. T. Noble, and S. L. O'Bannon, for plaintiffs.

John T. Hays and James M. Hays, Jr., for defendants.

HEFNER, J. This is an original action by Annetta Hoskins and Bertie DeSteiguer, plaintiffs, wherein they seek a writ of prohibition against the defendants to prohibit the prosecution of cause No. 15454 pending in the district court of Okmulgee county, wherein Cora Adams and James M. Hays are plaintiffs and Annetta Hoskins, Bertie DeSteiguer, and others are defendants. The defendants in that cause entered their special appearances and filed motions to dismiss plaintiffs' petition. These motions were filed upon the theory that theretofore in cause No. 10830 the same facts and questions attempted to be raised by the pleadings in cause No. 15454 were actually and directly in issue between the same parties and their privies, and that the issues in the case were decided adversely to the plaintiffs, and on appeal to the Supreme Court, the action of the trial court was affirmed and said judgment became final, the mandate from the Supreme Court having been spread of record. For this reason they ask that the plaintiffs' petition be dismissed.

The plaintiffs in cause No. 15454 filed motions to strike the special appearances and motions of the defendants upon the ground that the same are attempts to plead res adjudicata. The trial court overruled all of the motions, and in doing so, among other things, said:

"As I view it, the matter is squarely presented on these motions as to whether or not, even though conceded under the pleadings and judgments, copies of which are attached to the defendants' said motions, a good plea of res adjudicata could be established, could the matter be urged by the motions to dismiss without the formality of a plea of res adjudicata."

It is generally held that the plea of res adjudicata is a defensive plea to an action and must be pleaded and proved like any other defense. If the pleadings admit a former adjudication, a judgment may be entered on the pleadings.

In the case of Wade v. Hope & Killingsworth, 89 Okla. 64, 213 Pac. 549, this court in the third paragraph of the syllabus said:

"The plea of res judicata is a defensive matter and must be pleaded and proved the same as any other defense, and it is error to hear this defense upon a motion to dismiss, after the issues are joined and a question of fact is raised by the pleadings, upon said plea of res adjudicata."

If the plea of res adjudicata be denied by the pleadings, it cannot be raised upon a motion to dismiss. It must be pleaded and proved the same as any other defense.

In the instant case the trial court undoubtedly had jurisdiction of the parties, and it also had jurisdiction to try the plea of res judicata. If error should be committed in the judgment of the trial court on the plea of res adjudicata, the parties have their remedy by appeal.

This court in the case of Baker v. Capshaw, 130 Okla. 86, 265 Pac. 115, said:

"This court has repeatedly held that prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies * * * are available. * * *

"The recent expressions of this court, however, have indicated a slight relaxation from the hard and fast rule laid down in the above cited authorities. * * *

"We desire, however, to make it clear to bench, bar, and litigants that it has never been the intention of this court to extend this rule far enough to allow, in any sense of the term, the writ of prohibition to take the place of or be substituted for appeal."

Again this court in the case of Jones v. Pugh, Judge, et al., 130 Okla. 291, 267 Pac. 272, said:

"It therefore appears that the real question determinative of the right to a writ of prohibition is, Does the inferior court have jurisdiction to do what the relator claims the court is about to do? If it does, then prohibition will not lie. If it does not, prohibition ordinarily will lie, if there is no other adequate remedy."

The trial court undoubtedly had jurisdiction of the parties, and also had jurisdiction to try the plea of res adjudicata. This being true, prohibition will not lie.

The writ is denied.

MASON, V. C. J., and HARRISON, LESTER, and HUNT, JJ., concur.

BRANSON, C. J., dissents.

Note.—See under (1) 15 R. C. L. p. 1046. (2) 22 R. C. L. p. 9. 4 R. C. L. Supp. p. 1450; 5 R. C. L. Supp. p. 1190; 6 R. C. L. Supp. p. 1310; 7 R. C. L. Supp. p. 736. See "Judgments," 34 C. J. §1491 p. 1055, n. 64; §1494, p. 1058, n. 85. "Prohibition," 32 Cyc. p. 613, n. 99; p. 617, n. 19.