CREWS et al. v. BIRD, Judge, et al.

No. 20205. Opinion Filed July 9, 1929.

Rehearing Denied Dec. 7, 1929.

W. W. Sutton, J. B. Dudley, and Reuben M. Roddie, for petitioners.

Edw. H. Chandler, Summers Hardy, Wm. O. Beall, B. B. Blakeney, J. H. Maxey, and Robt. L. Imler, for respondents.

ANDREWS, J. This is an original action in this court for a writ of prohibition, brought by Everett Crews, Mary Crews, and Amie Crews, who will be hereinafter referred to as petitioners, against J. W. Bird, district judge of the Twentieth judicial district, who will be hereinafter referred to as Judge Bird, praying that a writ of prohibition issue, directed to him, commanding him to desist and refrain from further proceeding as a judge of the district court of Garfield county in cause No. 5464, and to desist and refrain from certifying an appeal from that court to the Supreme Court.

The allegations of the petition are, in substance, as follows: That the petitioners, together with their brothers, Ralph Crews, Charlie Crews, and Robert Crews, obtained a judgment in the district court of Garfield county in cause No. 5464 against certain oil companies (hereinafter referred to as defendants) cancelling an oil and gas mining lease on certain land in Garfield county and for various sums of money representing the oil and gas taken from the premises by the defendants; that the defendants superseded the judgments and appealed to the Supreme Court, there being two cases on appeal; that the Supreme Court, on appeal, affirmed the judgments as to the petitioners and directed the district court of Garfield county to enter judgment for the petitioners in the amounts therein named, and to dismiss the cause as to Ralph Crews, Charlie Crews, and Robert Crews; that mandates were issued, filed in the district court of Garfield county and spread of record; that on February 14, 1929, the district court of Garfield county rendered its judgment in accordance with the opinion and mandates of the Supreme Court; that prior to entering said judgment the defendants filed a motion to vacate and set aside the judgments and for leave to file a supplemental answer and cross-petition, and therein asked the district court to set aside the judgments of July 26, 1924, and alleged that the petitioners had obtained their majority since the rendition of the judgment of the district court of Garfield county in 1924, and had accepted royalties under and by virtue of the lease which had theretofore been canceled by the district court of Garfield county; that the district court of Garfield county overruled the motion; that defendants filed a motion to stay proceedings until the motion to vacate the judgment could be heard and a hearing could be had upon their supplemental answer and cross-petition; that this motion was overruled; that after judgment was rendered in conformity with the opinion of the Supreme Court the defendants filed a motion to set aside the judgments of July 26, 1924, and February 14, 1929, and for a new trial, which was overruled; that all the matters and things sought to be litigated in said motions were litigated in the original cause in the district court and in the Supreme Court; that notice of appeal to the Supreme Court from the rulings of the district court was given, and time was given to perfect the appeal, and that the district court of Garfield county was without jurisdiction to certify the purported appeal. To the petition is attached copies of the motions and of the judgment of February 14, 1929.

Judge Bird and the defendants filed answers which in substance alleged that prior to the original trial the Sinclair Oil & Gas Company filed a cross-petition setting out certain claims against the Crews heirs and which issues were not passed upon by the trial court for the reason that the trial court erroneously determined the cause upon a theory that was thereafter rejected by the Supreme Court in this, to wit:

The trial court held that the oil and gas mining lease was void and for that reason the Sinclair Oil & Gas Company was not entitled to an accounting for the oil and gas taken therefrom by the Crews heirs; that upon the Supreme Court holding that the oil and gas mining lease was valid as to a one-half interest in the land, it became necessary that the issues presented by the cross-

petition of the Sinclair Oil & Gas Company should be determined and that the proceedings in the trial court, after the receipt of the mandate, were to procure a determination of the rights of the defendants as set out in the cross-petition; that the petitioners herein, after the trial of the cause in the district court, adopted the lease under the rule stated by this court on the appeal; that the record thereof was not before the trial court or the Supreme Court for the reason that the acts constituting the adoption occurred subsequent to the trial of the cause; that the defendants were entitled to have a trial on the issues made by the acts of the petitioners which occurred after the trial of the cause in the district court; that the defendants were entitled to an accounting for the oil and gas taken by the Crews heirs from the land to the amount of the one-half interest owned by the defendants, and for other reasons.

The allegations of the answers were denied by the petitioners.

In order to determine the issues presented here, it is necessary to determine, first, what the original judgment provided; second, what the mandate provided; and third, what Judge Bird's judgment provided. In doing so we will consider the issues as made by the pleadings in the trial court and the evidence in support thereof, but will consider these only in so far as it is necessary to determine the issues presented here.

The three petitioners, with Ralph Crews, Charlie Crews, and Robert Crews (being the six Crews heirs, and who were the joint owners of the land in question), instituted a suit to cancel an oil and gas mining lease held by the defendants by assignment from the original lessee, and for the oil and gas wrongfully taken therefrom. The suit was prosecuted on two theories, one being that the lease was void for failure to comply with rule 9 of the probate rules of this court, and the other being if it was not void for that reason, it had been forfeited by failure to develop the same in accordance with the implied covenants thereof. The defendants contended that the lease was valid, or if it was not valid at the date of its execution, it became so by reason of the acts and conduct of the lessors, which acts constituted an adoption thereof.

The six Crews heirs, prior to the time the issues in the case were made up, took possession of the portion of the leased premises which they contended had not been developed in accordance with the provisions of the lease, drilled wells thereon, produced oil and gas therefrom, marketed and sold the same, collected the proceeds thereof, and remained in possession thereof throughout the litigation. Defendants contend that they are yet in possession thereof.

The defendant Sinclair Oil & Gas Company filed a cross-petition in which it alleged that the Crews heirs had wrongfully and unlawfully entered upon a portion of the land and developed the same for oil and gas and took a large quantity of oil and gas therefrom, and it prayed for recovery of possession of the property so taken, for an accounting against all of the Crews heirs, and that its lease be declared to be a first and prior, valid and subsisting lease, that the title thereto be quieted in the Sinclair Oil & Gas Company, that the Sinclair Oil & Gas Company have and recover of and from each of the Crews heirs possession of all that portion of the leased premises occupied by them or any of them, and that the Crews heirs be restrained and enjoined from going upon the premises and extracting oil and gas, or either of them, therefrom and from in any way interfering with the Sinclair Oil & Gas Company in its operation of said property.

The trial court resolved the issues into one question, as follows: Is the lease valid or void? It found and decreed that the lease was void for failure to comply with rule 9, supra, and quieted the title of all of the Crews heirs to all of the land; canceled the lease and assignment thereof; enjoined the defendants from claiming any right, title, or interest therein; ordered the defendants to surrender possession of all of the land to the Crews heirs; gave the Crews heirs judgments for the oil and gas taken therefrom by the defendants, and enjoined the defendants from removing "* * * any of the casing and machinery used in the operation of said wells on said premises. * * *"

The trial court did not pass on the issues raised by the answer and cross-petition of the Sinclair Oil & Gas Company, but left them undetermined.

There were two appeals to this court, which were consolidated in this court for briefing.

This court held that Ralph Crews, Charlie Crews, and Robert Crews had, by their conduct, adopted the lease; that the lease was void as to the petitioners and that petitioners were entitled to one-half of the amount found by the trial court to be due the Crews heirs on the accounting from the defend-

ants. No finding or decision was made by this court as to the issues made by the answer and cross-petition of the Sinclair Oil & Gas Company. This court directed the trial court to enter judgment in favor of the petitioners for the amounts found due to them, as aforesaid, and to dismiss the action as to Ralph Crews, Charlie Crews, and Robert Crews. The judgment of the district court was affirmed in all respects as to petitioners and reversed as to Ralph Crews, Charlie Crews, and Robert Crews.

Upon receipt of the mandates of the Supreme Court the defendants filed a motion to vacate the judgment of July 26, 1924, and for permission to file a supplemental answer and cross-petition and an additional motion to stay proceedings in the cause pending hearing of the motion to vacate and pending determination of the matters and things alleged in the supplemental answer and cross-petition, which was tendered therewith.

The allegations of the motion to vacate were that the petitioners had become of age; that after the judgment of July 26, 1924, they had, by their conduct, adopted the lease, and that by reason thereof defendants were entitled to an accounting as to the proceeds of the oil and gas produced from the land by the Crews heirs. It was therein sought to bring in as parties the holders of the funds derived from the oil and gas and which was held for the account of the Crews heirs by the various individuals and corporations named therein.

These motions were overruled. Thereupon the defendants asked the court to render judgment in conformity to the mandates and opinion, which motion was overruled.

Thereupon Judge Bird proceeded to render judgment in favor of the petitioners and against defendants for certain sums of money; in favor of the attorney for petitioners and against the Crews heirs for amounts due under his attorney's lien; quieting title in the petitioners to a one-half interest in the land with all "* * * improvements, equipment including casing, machinery, oil and gas wells and appurtenances thereon"; enjoining the defendants from interfering in any manner with the petitioners in their possession thereof; enjoining the defendants from interfering with petitioners in the use, possession, benefit, and occupancy of all of the land; enjoining the defendants from removing any of the improvements, equipment, and appurtenances from the land; canceling the oil and gas mining lease as to a one-half interest; affirming the judgment of July 26,

1924, as to petitioners; reversing the judgment of July 26, 1924, as to Ralph Crews, Charlie Crews, and Robert Crews, and dismissing the action as to Ralph Crews, Charlie Crews, and Robert Crews.

No provision was made therein for the determination of the rights of the defendants on the cross-petition of the Sinclair Oil & Gas Company or for an accounting against the Crews heirs for oil and gas taken by them from the property. No provision was made for the placing of the defendants in possession jointly with the petitioners of that part of the property theretofore held by the Crews heirs.

The defendants were enjoined from removing the property placed on the lease by them for the development and operation thereof, but no order was made with reference to the removal of the property placed on the land by the Crews heirs for the development and operation thereof.

This judgment was rendered as of February 14, 1929, and not as of July 26, 1924.

After the rendition of this judgment the defendants filed their motion to vacate the same and for a new trial, which was overruled. Notice of appeal was given from all of the orders made by Judge Bird, time was given to make and serve a case-made, and a supersedeas bond in the amount of $1,420,000 was made by the defendants and approved.

It will thus be seen that there are many questions presented by the pleadings in this cause which were not determined by the trial court. Some of them were presented to the trial court by the pleadings therein and not determined by reason of the view that the trial court took as to the validity of the lease, and some of them arose subsequent to the trial.

These questions may be summarized as follows:

First. Are the six Crews heirs liable to account to the defendant for oil and gas taken by them from that portion of the leased premises occupied by them to the amount of one-half thereof?

Second. Are the defendants entitled to put in joint possession with the petitioners of that portion of the leased premises occupied by the six Crews heirs?

Third. Since the defendants are enjoined from removing any of the equipment placed on the land by them necessary to the operation of the wells drilled by them, should the Crews heirs be enjoined from removing

any of the equipment placed on the land by them necessary to the operation of the wells drilled by them?

Fourth. Since the amount due from the defendants to the petitioners up to and including the 26th day of July, 1924, has been determined, should they be permitted to collect that amount prior to a determination of the amount due, if any, from the Crews heirs to the defendants up to that time?

Fifth. Should the individuals and corporations holding the proceeds of the oil and gas taken from the leased premises by the Crews heirs and held for their benefit, be made parties and required to hold said funds subject to the order of the trial court on the accounting?

Sixth. Are the petitioners, who acted jointly with Ralph Crews, Charlie Crews, and Robert Crews in taking oil and gas from the leased premises, liable for the one-half of the amount of oil and gas taken therefrom?

Seventh. Does the judgment of February 14, 1929, conform to the mandates and opinion of the Supreme Court?

When this court affirmed the judgment of the trial court in part and reversed it in part and held that the oil and gas mining lease was void as to petitioners and good as to Ralph Crews, Charlie Crews, and Robert Crews, and ordered the cause dismissed as to them, it of necessity held that the defendants' title to a lease on an undivided one-half interest in the land was valid. The defendants were in possession of all of a part of the land and the Crews heirs were in possession of all of the remainder of the land. The effect of the decision of this court was to direct the trial court to put the petitioners in joint possession with the defendants of the portion of the land theretofore held by the defendants. Defendants contend that under the answer and cross-petition of the Sinclair Oil & Gas Company they became entitled to joint possession with the petitioners of that portion of the land theretofore held by the Crews heirs. The trial court had not passed upon the issues made by the cross-petition, and they contend that it became the duty of the trial court, upon reversal of the cause as to Ralph Crews, Charlie Crews, and Robert Crews, to proceed with the hearing of that cross-petition and render a judgment thereon, in conformity to the holding of this court, putting them in joint possession of the land with petitioners.

This court reversed the trial court in its holding that the Crews heirs were entitled to the proceeds of the oil and gas produced from the land by the defendants and, in effect, held that the petitioners were entitled to one-half of that amount and that Ralph Crews, Charlie Crews, and Robert Crews were not entitled to any portion thereof. The cross-petition of the Sinclair Oil & Gas Company had asked for an accounting from the Crews heirs of the oil and gas that had been taken from the land by the Crews heirs. The trial court had not determined that issue for the reason as heretofore stated. Upon the decision by this court that the lease was valid as to Ralph Crews, Charlie Crews, and Robert Crews, the defendants contend that they are entitled to the accounting prayed for in their cross-petition and to recover from the Crews heirs one-half of the proceeds of the oil and gas produced from said land by the Crews heirs.

When the trial court found and determined that the lease was void, there was no necessity of the court rendering any judgment of accounting against the Crews heirs for the oil and gas that they had taken from the property. When this court reversed the trial court in that particular and held that the defendants were the owners of one-half interest in the oil and gas mining lease, then there arose a question as to the duty of the trial court to proceed with the hearing of the issues raised by the cross-petition of the Sinclair Oil & Gas Company and to render judgment only after hearing on the issues raised thereby. Defendants contend that the original judgment should be set aside, that an accounting be had on the cross-petition, and that judgment should then be rendered on the balance and in conformity to the amounts as determined by this court.

The Crews heirs went into possession of a portion of the land and developed the same, and produced oil and gas therefrom. The defendants went into possession of a portion of the land and developed the same and produced oil and gas therefrom. The trial court held that the possession of the Crews heirs was rightful and that the possession of the defendants was wrongful, gave the Crews heirs a judgment against the defendants, after an accounting, for the oil and gas taken therefrom by the defendants and refused to give the defendants a judgment against the Crews heirs as to an accounting for the oil and gas taken therefrom by the Crews heirs. This court held that the possession of the petitioners was rightful and ordered the trial court to render

judgment in favor of the petitioners for one-half of the amount found due against the defendants. Defendants contend that under this decision the Crews heirs are liable to the defendants for one-half of the oil and gas taken by the Crews heirs from the property, and that the same should be set off against the judgments in favor of petitioners and against defendants.

The trial court enjoined defendants from removing the tools and equipment necessary for the operation of the wells drilled by defendants. The defendants contend that when the Supreme Court held that the lease was valid as to Ralph Crews, Charlie Crews, and Robert Crews, the trial court should then have enjoined the Crews heirs from removing the tools and equipment necessary for the operation of the wells drilled by them.

The contention of the defendants that the judgment on accounting between the petitioners and defendants should be vacated and set aside until a hearing could be had on an accounting between the Crews heirs and the defendants as to the oil and gas taken from the property by the Crews heirs and that the final judgment should be based upon the balance due after both accountings, is not without merit. It is supported by citation of authorities in defendants' brief, and petitioners cite cases to the contrary.

We express no opinion on the merits of these contentions. These matters could be determined only by a hearing. Defendants contend that the hearing should be in that case and upon the pleadings therein and such supplemental pleadings as are necessary to present those issues, and that though the trial court was not specifically directed to proceed with the hearing therein, such procedure necessarily follows from the judgment of this court.

It was necessary, before Judge Bird could render the judgment on the mandates and opinion of this court, that he determine the issues involved in the above contentions. Exercising the jurisdiction that is vested in that court, he did determine those issues. It is now contended by the petitioners that his determination thereof is final and that no appeal can be had therefrom. We cannot adopt such a contention.

The pleadings in this prohibition case show that the judgment of February 14, 1929, does not conform to the opinion of this court. It is unnecessary for this court to recite all of the places where this conflict occurs. We will call attention to only two. The judgment of July 26, 1924, quieted title to the land in the plaintiffs and enjoined defendants from removing "* * * any of the casing and machinery used in the operation of said wells on said premises. * * *" This court affirmed that judment as to petitioners and reversed it as to Ralph Crews, Charlie Crews, and Robert Crews. The judgment of February 14, 1929, quieted title in petitioners to an undivided one-half interest, not only in the land, but in the "* * * improvements, equipment, including casing, machinery, oil and gas wells and appurtenances thereon, * * *" and enjoined defendants from "* * * having, claiming or asserting any right, title, interest, lien or estate therein or thereto, adverse to said plaintiffs, or either of them", and from "* * * interfering with, molesting or disturbing said plaintiffs, Everett Crews, Mary Crews, and Amie Crews, or either of them, in the use, possession, benefit, and occupancy of said lands, or any part thereof, or from removing, or attempting to remove, any of the improvements, equipment, and appurtenances thereon."

It will be noted that the judgment of February 14, 1929, quiets the title of the petitioners to a one-half interest in the personal property belonging to the defendants and enjoins the defendants from asserting any interest therein, but it goes further than that and enjoins the defendants from interfering with the petitioners in their use thereof or from removing or attempting to remove the same from the premises. That judgment might have been proper had the defendants been trespassers, but under the opinion of this court these defendants were not trespassers, but had a valid lease on an undivided one-half interest in this property. Under such a condition a different rule applies as to the right to the machinery, tools, and equipment placed on the property. It is not our purpose, in this opinion, to determine what those rights are, or the rule of law applicable thereto, and it is sufficient to say that the judgment of February 14, 1929, does not conform to the opinion of the Supreme Court holding that the lease of the defendants was valid as to an undivided one-half interest in the land.

The judgment of the trial court was rendered on July 26, 1924. The opinion of the Supreme Court was rendered in 1927, but it was based on the facts shown to exist on July 26, 1924, and fixed the rights of the parties thereto as of that date. The facts as of that date were the only facts before this court on appeal.

We have, then, a judgment of the trial

court rendered on July 26, 1924, which, under the mandate of this court, should be corrected as of that date to conform to the holding of this court. It became the duty of the trial court to correct the judgment of July 26, 1924, to conform to the holding of this court.

To do that did not require the rendition of a new judgment. In fact the judgment of July 26, 1924, remained in full force and effect except in those particulars where it was in conflict with the opinion of this court.

While the judgment of July 26, 1924, quieted the title of Everett Crews, Mary Crews, and Amie Crews as of that date, the judgment rendered by Judge Bird quieted their title as of February 14, 1929. There may have been many changes in the status of the parties after July 26, 1924, and before February 14, 1929. The defendants may have acquired rights in the property after July 26, 1924, that they did not have at that time. One of their contentions is that they did acquire such rights, and they contend that the judgment as rendered by Judge Bird as of February 14, 1929, deprives them of those rights without an opportunity having been given them to either present or defend those rights. They contend that after July 26, 1924, petitioners, by their conduct, adopted the lease. Whether or not this be so, the defendants have a right to present that contention to a court of competent jurisdiction and support it by evidence, if they have any. A judgment in this case, fixing the rights of the parties as of July 26, 1924, would not be res judicata as to the facts occurring after that date. But when Judge Bird rendered the judgment as of February 14, 1929, the effect thereof was to deprive these defendants of those rights, if they have any, and a judgment of February 14, 1929, would be res judicata as to acts occurring prior to that date. This is sufficient to show that the judgment of February 14, 1929, does not conform to the mandate of this court. Where the judgment rendered by the trial court is not in conformity to the mandate and opinion of the Supreme Court and exceptions are properly saved thereto, defendants have a right of appeal therefrom in order that their rights may be protected.

The Crews heirs contend that the trial court was without authority to do anything except as specifically directed by this court. Nowhere does the opinion of this court direct the trial court to enter judgment for W. W. Sutton, attorney, on his lien claim.

Yet the journal entry prepared by the Crews heirs and submitted to and signed by Judge Bird shows a judgment rendered for W. W. Sutton. This in itself shows insincerity in this contention.

Petitioners in their brief present three propositions as statements of the law applicable to this case and cite authorities in support thereof.

It is unnecessary for us to determine in this case the correctness of the propositions stated. An examination of the cases cited in support thereof discloses that none of them are based on facts similar to the facts disclosed by the record in this case. We will refer to the first five cases cited.

State ex rel. Haskell v. Huston. 21 Okla. 782, 97 Pac. 982, prohibits the trial court from hearing a case brought in the name of the state by the Attorney General over the objections of the Governor on the ground that the Attorney General was not authorized to institute or prosecute the suit by either the Governor or the Legislature.

State ex rel. Evans v. Shea, 28 Okla. 821, 115 Pac. 862, prohibits the district court from proceeding in the prosecution of a misdemeanor on the ground that district courts have no jurisdiction of misdemeanor actions.

Hirsh et al. v. Twyford et al., 40 Okla. 220, 139 Pac. 313, prohibits the superior court from proceeding with a mandamus action to require the clerk of the district court to place a judgment of record in the district court on the ground that the superior court has no jurisdiction to interfere with a court of concurrent jurisdiction.

Burnett v. Jackson, Judge, 27 Okla. 275, 111 Pac. 194, refuses the writ, but states that it will be allowed if the county court of Muskogee county continues to exercise jurisdiction pending an appeal to the district court on the ground that the appeal from the county court to the district court deprives the county court of jurisdiction.

State ex rel. Freeling v. Kight, County Judge, 49 Okla. 202, 152 Pac. 362, prohibits the county court from disregarding the rules prescribed by the Supreme Court for probate practice on the ground that the rules are binding on that court, and where a court refused to apply them in all cases, it became a public question and could be settled by prohibition.

Attention is called to the case of Day et al. v. Ward, 137 Okla. 62, 277 Pac. 935. It appears therefrom that when the judgment of

this court was entered in the court below in accordance with the mandate of this court, no objections or exceptions were made or filed thereto. That is sufficient in itself to destroy that case as an authority here. The facts in the case at bar are that objections were made and exceptions saved to the rendering of the judgment by Judge Bird. The facts as shown by the record in that case are materially different from the facts here. In that case there was an attempt to litigate issues that had already been litigated. Here it is contended that certain issues in the original action had not been determined, and it was sought here, not to litigate matters already determined, but to litigate matters which it is claimed had not been litigated. There is a material distinction therein.

The case of Day et al. v. Ward et al., supra, is based in part on the rule announced in Gilliland v. Bilby et al., 53 Okla. 309, 156 Pac. 299, wherein it was held that the trial court was without jurisdiction to grant a motion for new trial on the ground of newly discovered evidence where the motion was filed more than one year after the rendition of the final judgment.

That case is not an authority on the issues involved in this case, for the reason that the motion for new trial in this case was not based on the ground of newly discovered evidence alone, but on other grounds.

An examination of the authorities cited by the petitioners as to the right to a writ of prohibition discloses that none of the cited cases are in point.

The rules stated are not applicable to the facts in this case.

A rule announced by this court that is applicable to the facts in this case is in Spradling v. Hudson, 45 Okla. 767, 146 Pac. 588, where the first paragraph of the syllabus is as follows:

"Where an inferior court has jurisdiction of the subject-matter and the parties to an action, and an appeal lies from the orders of said court therein to the Supreme Court, prohibition will not lie, though said court may make an erroneous application of the law in the determination of said cause."

In that case the court said:

"To grant the writ prayed for we must hold that the district court of Osage county had no jurisdiction of the parties or the subject-matter of this action. By the provisions of article 18, c. 60, Rev. Laws 1910, entitled 'Divorce and Alimony,' the district court is given jurisdiction of actions for divorce and alimony, or for alimony alone. Whether the proposition urged by petitioner that the judgment of the Kentucky court would be a complete bar to the plaintiff's right of action is a question which the district court of Osage county had jurisdiction to try and determine, and in the hearing of the matters alleged in plaintiff's petition had jurisdiction and authority to make such orders as in its judgment were necessary and proper under the showing made; and, if that court should reach an erroneous conclusion as to the law, or make any other order in the progress of said cause that would not be warranted by the evidence, same could be reviewed in this court on appeal; and this is true as to the order allowing temporary alimony and suit money, and the temporary injunction restraining the petitioner from incumbering or disposing of his property."

Following the reasoning in that case, we say that the district court of Garfield county had jurisdiction of the parties and of the subject-matter of the suit, and jurisdiction to make such orders as were necessary or proper in the disposition of the matter before it in accordance with the mandates and opinion of this court. The issues raised by the defendants as to the proceedings to be taken by the trial court under the mandates and opinion of this court were issues that said court had a right to hear and determine. These issues were determined largely in favor of the petitioners, and the defendants had a right of review thereof in this court. The petitioners cannot, by a writ of prohibition, deprive these defendants of the right of appeal which the law affords them.

In the case of Hoskins et al. v. Hays et al., 135 Okla. 262, 275 Pac. 347, in which a rehearing was denied March 12, 1929, this court, in an opinion by Mr. Justice Hefner, said:

"In the instant case the trial court undoubtedly had jurisdiction of the parties, and it also had jurisdiction to try the plea of res adjudicata. If error should be committed in the judgment of the trial court on the plea of res adjudicata, the parties have their remedy by appeal."

That is the situation in this case. The trial court undoubtedly had jurisdiction of the parties and it had jurisdiction to try the issues presented by the motions filed by the defendants. If error was committed in the ruling thereon, the parties have their remedy by appeal.

In Baker v. Capshaw, 130 Okla. 86, 265 Pac. 115, this court, after discussing the relaxation from the hard and fast rules laid down in prohibition matters, said:

"We desire, however, to make it clear to

bench, bar, and litigants that it has never been the intention of this court to extend this rule far enough to allow, in any sense of the term, the writ of prohibition to take the place of or be substituted for appeal"

—and in Jones v. Pugh, District Judge, et al., 130 Okla. 291, 267 Pac. 272, this court, after discussing the conflicting rules in prohibition matters, said:

"It, therefore, appears that the real question determinative of the rights to a writ of prohibition is, Does the inferior court have jurisdiction to do what the relator claims the court is about to do? If it does, then prohibition will not lie. If it does not, prohibition ordinarily will lie, if there is no other adequate remedy. In this case it must be conceded that the trial court has the right to pass upon the constitutionality of the act relied upon in support of plaintiff's petition. This is as much a prerogative of the trial court as is its right to pass upon any question of law or fact in the case. The mere fact that a defendant claims that a law relied upon by the plaintiff is unconstitutional and void does not deprive the trial court of jurisdiction to pass upon such question in conjunction with the other issues presented, where the unsuccessful party, if he so desires, would have adequate remedy by appeal. * * *

"In the instant case, the validity of the act under consideration has never been determined by this court, and the district court had jurisdiction of the parties and of the subject-matter, and this court will not deprive it of the right to pass upon the validity of said act by a writ of probation, where the unsuccessful party has an adequate and complete remedy by appeal."

In the case at bar some of the questions raised by the defendants have not been determined by this court and are matters of first impression here. The district court had jurisdiction of the parties and of the subject-matter and the right to determine those issues. This court will not deprive that court of the right to pass upon those questions.

The trial court did pass upon these questions, and held against the defendants in almost every instance.

It is sought here to prohibit the defendants from appealing from the order of the district court and prohibit Judge Bird from certifying the appeal. We have found no case where the writ has been issued under such circumstances.

It is true that the Territorial court in the syllabus of McClung v. Harris, 11 Okla. 64, 65 Pac. 941, said:

"An appeal will not be entertained from a decree entered in a district court or other inferior court in exact accordance with the mandate of this court upon a prior appeal. If such an appeal is taken, this court will examine the decree entered, and, if it conforms to the mandate, dismiss the appeal, with costs, upon application of the adverse party."

But in that case, after the mandate had reached the court below, the plaintiff presented an amended petition setting up facts which occurred prior to the trial of the original case. The statement thereof is sufficient to show the distinction between the facts in that case and the case at bar. Here the defendants are not attempting to litigate matters which occurred prior to the trial alone, but are attempting to litigate matters that occurred after the trial and before the decision on the appeal. Certainly an appeal will not be entertained from a decree entered in exact accord with the mandate of this court. Here one of the errors alleged is that the decree is not in accordance with the mandate. An appeal will be entertained from a decree of a district court which is not in substantial compliance with the mandate of this court on a prior appeal on which the decree is rendered.

The mandate in question contained the following language:

"Now, therefore, you are hereby commanded to cause such decision to show of record in your court and to issue such process and to take such other and further action as may be in accord with right and justice and said opinon."

Under this direction it became the duty of the trial court to proceed in the matter in accord with right and justice and the opinion of this court. It cannot be said that the trial court did not have jurisdiction so to do.

In State ex rel. Smith v. Brown, Judge, 24 Okla. 433, 103 Pac. 762, in an opinion by Mr. Justice Williams, this court said:

"It is a well-settled rule that, where an inferior court has jurisdiction to take the action contemplated under any circumstances, the exercise of such power by him involving a judicial discretion, a writ of prohibition will not lie. It is only where an inferior tribunal is about to do some act wholly unauthorized by law, or in excess of its jurisdiction, that the writ will lie"

—and as the petitioners urge here,

"It is earnestly insisted, in the very able and elaborate brief filed by counsel for relator, that prohibition is the proper remedy in this case, and we are cited to the case of

State v. Huston, 21 Okla. 782, 97 Pac. 982, wherein it is said:

" 'Prohibition is the proper remedy, where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause otherwise properly cognizable by it.'

"We adhere to the rule there announced. But it is not a question in this case of the lower court exceeding its legitimate powers, but as to whether or not it commits error therein in passing upon the sufficiency of what 'is made to appear' relative to such disqualification. That can only be reviewed by appeal."

This court, in that case, concluded:

"But when the power is lodged with the trial court authorizing it to pass on a question, the arm of this court cannot be used by means of a writ of prohibition to stay an erroneous act of such court."

See. also, Pioneer Telephone & Telegraph Co. v. City of Bartlesville, 27 Okla. 214, 111 Pac. 207.

In Busey v. Crump, District Judge, et al., 108 Okla. 73, 233 Pac. 714, the court said:

"Inasmuch as the things complained of have already been done, and inasmuch as the trial judge has shown by his response that he has done all there is to be done in the premises, and inasmuch as it is not made apparent by the record that there is anything further to be done by the defendant judge, nor that he is intending to or is likely to assume to exercise any further authority in the matters involved, we see no reason for the writ."

Applying that rule to the facts in this case, we find that the trial judge has passed on all matters presented to that court by the defendants except to "certify the appeal."

Our attention has been called to no case holding that a writ could be used to prohibit a district judge from certifying an appeal.

In State v. Huston, 28 Okla. 718, 116 Pac. 161, the court said:

"On the coming down of the mandate, obedience to which is sought to be enforced by our peremptory writ of mandamus, while it commanded the trial court to put plaintiff in possession, for the reason that it did not contemplate the rights of these interveners as occupying claimants of said land, that question was left open by the mandate. It is well settled that the trial court may decide any matters left open, and its decision thereon is subject to be reviewed by a new proceeding in error."

Upon receipt of the mandate the trial court again is vested with jurisdiction of the parties and of the subject-matter, and if the mandate requires the trial court to do other than render a decree in strict conformity therewith, or if it leaves any matter open for determination by the trial court, the trial court has jurisdiction to make that determination, and its action thereon is subject to review by this court on appeal.

The petitioners contend that when the defendants asked the Supreme Court to recall the mandates and modify the directions in the opinion and the same was overruled that there was an adjudication of the present claim of the defendants. We do not so consider it. If that was true and the overruling of the motion was considered a judgment on the merits against the defendants, then it would be equally true that the granting of permission to the defendants to take depositions would be an adjudication in favor of the defendants, and the order of this court denying the application of the petitioners to recall the mandate and for judgment in their favor would be an adjudication against them. The ruling by the Supreme Court on none of these matters in any way affects the decision of this court as reflected in the opinion of this court, and there is no merit in the contention of the petitioners in this respect.

Since it is apparent that the judgment rendered by Judge Bird of February 14, 1929, is not in conformity to the mandate of this court, and since defendants have presented contentions in good faith which the trial court had jurisdiction to determine and from which determination they have a right of appeal and the defendants having saved their exceptions thereto and given a supersedeas bond preparatory to an appeal to this court, the writ of prohibition is denied.

The writ is denied.

CURRY, V. C. J., and HUNT, SWINDALL, and LANGLEY, JJ., concur.

LYBRAND, C. J., and CLARK, J., dissent.

RILEY and HEFNER, JJ., absent.

[MASON, C. J., LESTER, V. C. J., and CULLISON, J., having certified their disqualifications in the above cause, HON. J. HOWARD LANGLEY, HON. GUY CURRY, and HON. WALTER A. LYBRAND were duly appointed and qualified to sit as Special Justices.]

LYBRAND, C. J. This cannot properly be termed a dissenting opinion inasmuch as the able Justice who wrote the opinion of

the court avows that it does not decide the vexing problems that will be involved in the appeal. Rather this is an apparently hopeless protest. Since the original opinion in this cause was filed this matter has been before this court four times. In each instance the record necessary to put at rest the vexing problems, which will be involved in the appeal, were before the court or easily available. By reason of the system, the labors of the counsel, the funds of the litigants and the time of this overcrowded court, could not bring to the trial court a single gleam from the minds of the Justices of this highest tribunal to the end that this litigation might thereby terminate. The cause is now left to drag its weary feet through another appeal and the future thereof, thereafter, is as uncertain as the void gazed into by a dying sinner's eyes.

Note.—See "Appeal and Error," 3 C. J. § 94, p. 346, n. 4; 4 C. J. § 3255, p. 1208, n. 65; § 3261, p. 1210, n. 14; § 3271, n. 58; § 3307, p. 1243, n. 70.